201 So.2d 42

**CITY OF MOBILE**

v.

**GARRETT–MONTGOMERY, INC., et al.**

**I Div. 335.**

Supreme Court of Alabama.

June 29, 1967.

Wm. H. Saliba, Mobile, for appellant.

Maurice A. Downing, Mobile, for appellees.

PER CURIAM.

This is an appeal from a final decree of the Circuit Court of Mobile County that adjudicates the invalidity of an amendatory ordinance of the appellant; also it grant's injunctive relief to appellees.

The ordinance in question was adopted by the City of Mobile on January 2, 1962, and purports to amend the Plumbing Code of appellant by adding thereto Chapter XVI, composed of sections 1601–1612, inclusive. The adjudication of invalidity also included all ordinances amendatory of said amendatory ordinance of January 2, 1962. However, we do not find in argument of counsel reference to an ordinance amendatory of the ordinance of January 2, supra. We confine our observation to the amendatory ordinance of January 2, 1962.

The specific issue here presented is whether said amendatory ordinance of January, 1962, violates Section 89 of our 1901 Constitution and is in conflict with Section 455, Title 37, Code of 1940.

Section 89, Constitution of Alabama 1901, reads as follows:

"The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."

Section 455, Title 37, Code of Alabama 1940, is as follows:

"Municipal corporations may, from time to time, adopt ordinances and resolutions not inconsistent with the laws of the state, to carry into effect or discharge the powers and duties conferred by this title, and provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of the inhabitants of the municipality, and enforce obedience to such ordinances by fine not exceeding one hundred dollars, and by imprisonment or hard labor not exceeding six months, one or both."

The litigation in the lower court was invited when appellant undertook to interfere with appellees' performance of a contract with the owner to do the plumbing work.

and installation in a building that was being erected in the City of Mobile for the future occupancy of The First National Bank of Mobile and other tenants.

The corporation erecting the building entered into a contract with appellee, Garrett-Montgomery, Inc., a Tennessee corporation, of which S. K. Boddie, one of the appellees, was an officer. He was made an officer of the corporation before the plumbing work on the building was commenced.

Appellee Boddie was a licensed Master Plumber pursuant to Act No. 529, Gen.Acts of 1949, p. 827, and subsequent amendments. Prior to the present litigation and the contract, these amendments were as follows:

Act No. 615, Gen.Acts of 1953, p. 873; Act No. 380, Gen.Acts of 1955, p. 911; Act No. 907, Gen.Acts of 1961, p. 1453; Act No. 232, Gen.Acts of 1961, p. 2245; Act No. 501, Gen.Acts of 1963, p. 1079. The Act was again amended by Act No. 831, Gen.Acts of 1965, p. 1559, but this followed the litigation.

■ Act No. 529, supra, was amended on September 14, 1963 by Act No. 501, supra. By this amendment Act No. 529, supra, was made applicable to counties of not less than 150,000 population according to the last or a subsequent federal census. We take judicial knowledge that upon enactment of Act No. 501, supra, the population of Mobile County exceeded 150,000 and continues to exceed that number. Therefore, Mobile County was embraced in said Act No. 529, supra, as amended.

Act No. 529, supra, as amended by Act No. 501, Gen.Acts of 1963, was enacted

" * * * to provide for the protection of public health and safety in such counties by requiring persons to establish their competency as plumbers before doing or supervising plumbing in said counties in this State; to create a board

to be known as the Plumbers Examining Board; to define plumbing, master plumbers, journeymen plumbers, plumber apprentices and subjects related to plumbing; to provide for the appointment of members of said Plumbers Examining Board and their terms of office; to provide for the payment of compensation to the members of said Board and its employees; to define the powers conferred upon and the duties imposed upon said Board; to provide funds for the maintenance, operations and functions of said Board; to provide for the examination and certification of master plumbers, journeymen plumbers and plumbers apprentices; to provide for the payment of examination fees and certificate fees; to empower the Board to revoke certificates; to provide for appeals from the ruling of the Board; to provide for the execution and filing of bonds by plumbers; to provide for the collection, handling and disbursement of monies and funds received as fees by said Board, and to provide for penalties for the violation of this Act. * * * "

Suffice it to say that the several sections of the original and amendatory acts, all supra, tend to effectuate the purposes above set forth. The provisions are quite elaborate and comprehensive. We deem it unnecessary to give a résumé of the several sections. The Act makes it unlawful for any person, firm or corporation to do or perform, or to contract, direct or superintend any plumbing anywhere within any county having a population in excess of 150,000 inhabitants, "unless such person, firm or corporation has first received a certificate of competency * * * and unless such certificate is in force and effect at time such plumbing is done, directed or superintended, except as hereinafter provided. * * * " Act 501, Section 7, Gen. Acts of 1963, p. 1079.

We note that Act No. 232, Section 2, Gen.Acts of 1961, Vol. II, p. 2243, provides:

" * * * A 'master plumber,' within the meaning and for the purpose of this

Act, shall be held to mean and include any person, firm or corporation engaged in or proposing to engage in the business of contracting to do or superintending the installation of plumbing, either or both, but if * * * such licensee be a firm or corporation, at least one active member of such firm or corporation, must be a duly registered master plumber, actively, continuously connected with the conduct of such business."

The argued assignments of error challenge only that part of the final decree as follows:

"Now, therefore, it is ORDERED, ADJUDGED AND DECREED by the Court that that certain Ordinance adopted by the Board of Commissioners of the City of Mobile on January 2, 1962, amending the Plumbing Code of the City of Mobile by adding thereto Chapter XVI, composed of Sections 1601–1612, inclusive, and all ordinances amendatory of said Ordinance of January 2, 1962, be and the same are declared to be invalid and void."

The aforementioned amendatory Ordinance of January 2, 1962 briefly provides as follows:

Section 1601 creates a Board of Examiners of the City of Mobile.

Section 1602 prescribes the duties of said Board. It is authorized to examine and pass upon the qualifications of every person who may apply for a master plumber's certificate of competency; also to pass upon the qualifications of any applicant for a journeyman plumber's certificate of competency, and to issue the same.

Section 1603 requires the Examining Board to keep a record of each application for a certificate, supra; the date and action taken on such application; and also a record of revocation and suspension proceedings.

Sections 1604–5 prescribe the qualifications of an applicant for examination as a master plumber or journeyman plumber. The examination is required to be in writing.

Section 1606 deals with an applicant for a certificate as an apprentice plumber.

Section 1607 exempts from examination any master plumber or journeyman plumber who is licensed as such plumber by the State Board.

Section 1608 prescribes the expiration date for a certificate of competency issued by the Board created under the ordinance; also provides for a renewal of such certificate.

Section 1609 prohibits the transfer of a certificate of competency issued by appellant's Board of Examiners.

Section 1610 reads as follows:

"REVOCATION OF CERTIFICATES. The plumbing examining board shall have power to revoke any certificate if, after a fair hearing, it be found that actual practice under such certificate has demonstrated to the satisfaction of the board that the holder thereof does not possess the qualifications necessary for issuance of a certificate after examination as provided hereinabove, and no revoked certificate shall be reinstated without examination. The board shall have power to suspend any certificate for a definite period not exceeding the term of the present certificate if, after fair hearing, it determines that the holder has been guilty of any violation of the laws of the city relating to plumbing installation and construction or of any clearly incompetent or neglectful workmanship."

Section 1611 provides for an appeal from the action of the Board.

Section 1612 provides for the issuance of a business license.

The record indicates that the Examining Board, after hearing, suspended appellant Boddie's certificate of competency for a pe-

riod of six months. This suspension halted the plumbing installations at the bank building until injunctive relief was obtained against interference by appellant and the Board. These installations were calculated to be done ahead of other construction work on the building.

The merits of the suspension are not here subject to review under the assignments of error here argued. The issuance of the permanent injunction is likewise not under review on this appeal. We reiterate that the issue before us is whether or not the amendatory ordinance is invalid and void because of alleged conflict with Section 89 of the Constitution of Alabama 1901 or with Section 455, Title 37, Code of 1940, aforequoted.

While, as we have said, we do not set out a résumé of each section of Act No. 529, supra, as amened, we note that this Act as amended sets up a system or means by which qualified persons may, on examination, become certified master plumbers or journeyman plumbers in a county of Alabama with a population of not less than 150,000; also the Act provides a method of revoking a certificate of competency issued by the terms of the Act.

■ We construe this Act, as amended, to mean such person who applies for and obtains a certificate of competency as a master or journeyman plumber may practice such trade in any area of the county, including cities and towns therein, embraced in the Act; that he may continue such trade so long as his certificate remains in force.

■ We hold that some of the provisions of the amendatory ordinance, supra, are in conflict with Act No. 529, supra. The original ordinance, in Code form, regulates the manner and means of doing plumbing work within the territorial limits of the City of Mobile. This original ordinance is not here under attack; in fact, its legality was not questioned in the proceedings before the trial court.

The amendatory ordinance undertakes to set up its own board that is authorized to pass on the qualifications of applicants for a certificate of competency; also it provides a method of revoking or suspending certificates of competency that the Board has issued. We note that Section 1608, supra, provides that "It shall be unlawful for any person to engage in the business of master plumber or plumber contractor in any period in which he does not hold an unrevoked and unsuspended master's certificate * * *." Also, a like inhibition obtains with respect to a journeyman plumber.

Section 455, Title 37, supra, confers broad powers on a municipal corporation to pass ordinances, but with a restriction that such ordinance shall not be "inconsistent with the laws of the state". This restriction is in recognition of Section 89, supra, of the 1901 Constitution of Alabama. Smith v. Town of Notasulga, 257 Ala. 382, 59 So.2d 674(1).

We observe that the amendatory ordinance, supra, is artfully drawn in an effort to escape the restrictions of Section 89, supra, and the inhibition in Section 455, supra, of the 1940 Code. We cannot ignore the fact that many provisions of the ordinance usurp and contradict the provisions of Act No. 529, supra, as amended. This Act preempts the licensing of master and journeyman plumbers in certain counties, and also preempts revocation or suspension of certificates of competence issued to such licensees. The ordinance here in question attempts to by-pass or override these preemptions. It violates Section 89, supra, of our Constitution and also Section 455, supra, Code of 1940. The ordinance is null and void because of such usurpation and contradictions.

While there may be some provisions of the amendatory ordinance that do not necessarily contradict Act No. 529, supra, we think such provisions must fail along with kindred provisions that are in contradiction.

The various provisions of the amendatory ordinance here under consideration are so intimately connected and interdependent, a presumption arises therefrom that the Board of Commissioners of appellant would not have enacted one without the other. State ex rel. Clarke v. Carter, 174 Ala. 266, 56 So.2d 974(6); State ex rel. Crumpton v. Montgomery, 177 Ala. 212, 59 So.2d 294(18). The ordinance considered in its entirety presents an objective on the part of the Board of Commissioners to supersede Act No. 529, as amended, supra, and to take over its functions. The ordinance must yield to the preemptions of the legislature as reflected in said Act 529, as amended, supra.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.