59 So.2d 674

SMITH et al. v. TOWN OF NOTASUL-
GA et al.

5 Div. 536.

Supreme Court of Alabama.
June 19, 1952.

Jas. O. Davis, Jr., and Brown & McMillan, Auburn, for appellants.

Edw. H. Reynolds, Notasulga, for appellees.

BROWN, Justice.

The legislature by Act No. 442, a local law applicable to the Town of Notasulga, Alabama, the principal offices of which are located in Macon County, altered and rearranged the boundary line and corporate limits of the Town of Notasulga to include territory located in Lee County. Macon County is a dry county and Lee County is a wet county within the meaning of the A.B. C. Act (Title 29, Chapter 1, Code of 1940). Said local act was approved August 17, 1951, and is published in the Acts of 1950–51, p. 794.

At the time of the passage of said act the complainants, resident within the territory included in the corporate limits of Notasulga, by said act located in Lee County, were restaurateurs engaged in the business of operating restaurants in said territory and as an incident thereto were licensed by the ABC Board to sell to the general public beer and similar malt or brew beverages in the conduct of said business. Such license was granted to them under the provisions of Chapter 1, Title 29, Code of 1940, §§ 1 through 78, inclusive. Thereafter the Town Council of Notasulga levied a license tax against said business fixing the amount thereof, the requirement of a license from the town under said ordinance and otherwise regulating the sale of such intoxicating liquors in said territory.

The complainants Smith, Ruff, Fralic and Thompson filed a bill, alleging that said ordinance was inconsistent with the general laws of the state, because it levied an additional tax to that authorized by the general law regulating such activity and, therefore, was unconstitutional, excessive and arbitrary. The bill seeks a declaratory judgment or decree. The Town of Notasulga filed demurrers to the bill, for want of equity, and that the averments as to the ordinance being arbitrary and excessive were the mere conclusions of the pleader.

While the ordinance is inartfully drawn and its provisions are complicated—certainly not clear—in that it does not provide in plain and exact language that its operation shall be confined to the territory which lies in Lee County, nevertheless it does contain the following provision:

"Section 5. * * * This ordinance shall not be construed so as to allow the doing of any act contrary to the laws of Alabama relating to dry counties. * * *."

We interpret said quoted section as meaning that it shall not apply to the territory

in Macon County, but only to that in Lee County brought into the corporate limits of Notasulga by Act No. 442, supra.

The appeal is by the complainants from a decretal order of the court sustaining the respondents' demurrer to the bill. The pivotal question in the case is, "Do the Mayor and Aldermen of the Town of Notasulga have authority to pass an ordinance levying an additional license or privilege tax on persons engaged in the business of restaurateurs, located in that part of Lee County brought within the jurisdiction of said town by the local law No. 442, which alters and rearranges the boundary line and corporate limits of said municipality?"

No question is raised in respect to the legislative processes through which said act was passed and approved as a local law, and therefore, we assume that the legislative procedure through and by which said act was duly passed meets the requirements of § 106 of the Constitution. State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

Section 455, Title 37, Code of 1940 confers broad powers on municipal corporations to pass ordinances, with the single restriction that they shall not be "inconsistent with the laws of the state". Said restriction is in recognition of § 89 of the Constitution of 1901 which provides:

"The Legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state."

The fact that an ordinance enlarges upon the provisions of a statute by requiring more restrictions than the statute, creates no conflict, *unless the statute limits the requirements for all cases to its own prescription.* City of Birmingham v. West, 236 Ala. 434, 183 So. 421; Casmus v. Lee, Comptroller, 236 Ala. 396, 183 So. 185, 118 A.L.R. 822.

Section 17, Title 29, Code of 1940, regulating applications for and the issuance of licenses to clubs, hotels or restaurants provides that before they shall receive such license, they shall "pay to the board the license fee or fees, if any, levied by the county in which the place of business of such applicant is located.

"All license fees collected under this section shall be collected by the board for the use of the county in which such licenses were levied and in which the applicant's place of business is located, and shall be paid over to said county at quarterly intervals.

"Any county or muncipality may fix a reasonable privilege or license tax on any such club, hotel or restaurant located therein, conditioned on a permit or liquor license being issued by the board. Provided, however, no county shall levy a license as hereinabove described in an amount greater than the state permit fee levied under the provisions of this chapter for like privilege.

"No county or municipality shall have any authority to levy a license or tax on any state liquor store."

Construing this statute in the light of the other provisions of the statute, we are of opinion that the third paragraph of the statute authorizes the municipality to levy an additional privilege or license tax against such persons doing business within the said territory brought into the corporate limits by the Act No. 442.

The grounds of the demurrer taking the point that some of the allegations of the bill are the mere conclusions of the pleader were well taken and the decree appealed from will be affirmed. The complainants are allowed twenty days to amend their bill as they may deem advisable.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.