PER CURIAM.
The City Council of Attalla, after a lengthy discussion on lounge hours, adopted Resolution No. 2054 on December 18, 1978, which stated that beginning January 1, 1979, closing hours for local lounges would be 12:00 p. m. Monday through Saturday. Thereafter the Council adopted Ordinance No. 489 on January 15, 1979, and the ordinance became effective on January 18, 1979, the date it was published in the newspaper. That ordinance in § 7 stated:
“No person, firm, or corporation shall sell the alcoholic beverages defined in Section 1 within the City or its police jurisdiction between the hours of 12:01 A.M. and 6:00 A.M. on any secular day.”
Gadsden Motel Co., along with a number of other licensees of the Alcoholic Beverage Control Board in Attalla filed a complaint seeking an injunction restraining defendant City of Attalla from enforcing Ordinance *706 No. 489, which it characterized as a closing ordinance. The City moved to dismiss the complaint. After a hearing, the trial court granted the motion to dismiss and certified the appealability of his order. Only Gadsden Motel Co. appeals. We affirm the trial court.
While Gadsden Motel labels the ordinance a closing law, it is not. The ordinance merely limits the sale of alcoholic beverages. And, under the provision of § 11-45-1, Code of Alabama, 1975,[1] the City has the authority to regulate the hours of sale of alcoholic beverages, as long as the hours of sale are reasonable. The legislature has acted to prohibit sales of alcoholic beverages at only the times specified in § 28-3-260, Code of Ala.1975.[2] Promulgation of any other regulations regarding hours of sale is left to the Alabama Alcoholic Beverage Control Board pursuant to its authority to set out rules and regulations stated in § 28-3-49, Code of Ala., 1975. The Board has exercised that authority to require its licensees to discontinue sales and close at 12:00 midnight Saturday until 12:01 a. m. Monday, and on election days until after the polls close.
It is within the authority of the Attalla City Council under § 11-45-1 to regulate hours of sale beyond those hours effected by the Board’s regulation where there is no conflict and the municipal ordinance sets hours that are reasonable. Here there is no conflict and the evidence shows that the hours of sale prescribed by the ordinance are neither unreasonable nor arbitrary.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.

. §11-45-1. Adoption and enforcement authorized.
Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances. (Code 1907, § 1251; § 1923, § 1992; Code 1940, T. 37, § 455; Acts 1971, No. 2279, p. 3670.)

. § 28-3-260. Prohibited acts.
It shall be unlawful:
(1) For any manufacturer, wholesaler or distributor or the servants, agents or employees of the same to sell, trade or barter in malt or brewed beverages between the hours of 9:00 P.M. of any Saturday and 6:00 A.M. of the following Monday.
******
(3) For any licensee to sell, furnish or give any liquor, vinous or malt and brewed beverages to any person until after the time fixed by law for the closing of polling places on days on which a general, municipal, special or primary election is being held.