LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a conviction of public drunkenness and a fine of $45.01. Defendant had appealed from a judgment of the Municipal Court of the City of Birmingham on the same charge. In the Circuit Court he was tried on a complaint as follows:
“Comes the City of Birmingham, Alabama, a municipal corporation, and complains that Adolphus Plump, within twelve months before the beginning of this prosecution, on to-wit: December 23, 1978, and within said City of Birmingham, at or near the 1900 Block of 1st Alley, South, did, while intoxicated or drunk, appear in a public place where one or more persons were present and manifest a drunken condition by boisterous, noisy, and disorderly conduct or by staggering, contrary to and in violation of Section 36-15 of the General City Code of Birmingham, Alabama, of 1964, as amended.”
The appeal from the Circuit Court is on the record proper only. Some references are made in briefs to the evidence, but we have before us no transcript of the testimony, and we cannot properly consider what the testimony was or might have been.
The only definite proposition advanced on this appeal is as to the validity of Section 36-15 of the General City Code of Birmingham, Alabama, of 1964, as amended, appellant contending as he did on the trial by demurrer to the complaint, that the ordinance is unconstitutional in that it is “in *1350 consistent with the State Statute” and with “the policy of the State as declared in its general legislation.” The demurrer was overruled by the trial court.
The ordinance under consideration provides as follows:
“No person shall, while intoxicated or drunk, appear in any public place or within the curtilage of any private residence, not his own, where one or more persons are present, and manifest a drunken condition by boisterous, noisy, disorderly or indecent conduct, or by rude and profane language, or by staggering, falling, or sleeping.”
Appellant draws a contrast between the ordinance and Code of Alabama 1975, § 13-6-14 which provides:
“Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, or at or within the curtilage of any private residence, not his own, where one or more persons are present, and manifests a drunken condition by boisterous or indecent conduct or loud and profane discourse shall, on conviction, be fined not less than $5.00 nor more than $100.00, to be paid in money only.”
He correctly states that the words “or by staggering, falling, or sleeping” found in the ordinance, are not found in the section of the Code cited. He argues from that that such difference between the ordinance and the Code section cited necessitates the conclusion the ordinance is inconsistent with the law of Alabama, which is inhibited by Code of Alabama 1975, § 11-45-1:
“Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances.”
Legislation prohibiting a municipality from adopting ordinances inconsistent with the law of Alabama is forbidden by the Constitution of Alabama.
“The legislature shall not have power to authorize any municipal corporation to pass any laws inconsistent with the general laws of this state.” Constitution of Alabama 1901, Art. IY, § 89.
By the insertion of the words “or by staggering, falling, or sleeping” into its ordinance on the subject of public drunkenness, there was no inconsistency with the law of Alabama on the same subject. An ordinance which merely enlarges upon the provisions of the statute on the subject by the requirement of more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own prescription. City of Birmingham v. West, 236 Ala. 434, 183 So. 421, 423 (1938); Smith v. Town of Notasulga, 257 Ala. 382, 59 So.2d 674 (1952); State v. Centanne, 265 Ala. 35, 89 So.2d 570 (1956); Moon v. State, 48 Ala.App. 127, 262 So.2d 615 (1972).
Clearly distinguishable is Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322 (1979), in which it was held that an ordinance making it unlawful for any person while under the influence of intoxicating liquor or beverage to occupy, ride in or be found in any motor vehicle on any public street, highway, or public place, went beyond a mere enlargement of the law of the State on the subject and “exceeds those powers granted it by the Legislature to promote the general health and well-being of the community.”
It should be clearly understood that the ordinance does not attempt to make staggering, falling, or sleeping, even in public, an offense. In order to be guilty under the ordinance, one must appear while intoxicated or drunk in the same place or places prescribed by statute. Even though he *1351 staggers, falls, or sleeps in any of such places, he cannot be convicted under such ordinance unless he is guilty of being drunk or intoxicated at the time and manifests such condition by conduct stated in the ordinance.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur, except DeCARLO, J., not sitting.