McMILLAN, Judge.
The appellant, Rose Smith, was found guilty of the offense of nudity in violation of Section 3-70 and Section 3-71 of the City Code of the City of Huntsville, Alabama, in Huntsville Municipal Court. She was fined $100 and sentenced to 60 days’ imprisonment.
On appeal, the Circuit Court of Madison County found the appellant guilty and fined her $50.
Rose Smith was charged with exposing her breasts while performing at a local lounge and was tried without a jury on stipulated facts, after her motion to dismiss the complaint was overruled. The appellant’s- sole issue on appeal concerns the validity and constitutionality of Ordinance 3-71 of the City of Huntsville. The appellant argues that this ordinance is in conflict with State law, in that § 28-3-49(a), Code of Alabama (1975), states that the Alabama Alcoholic Beverage Control Board “shall have authority to promulgate rules and regulations not inconsistent with this chapter for carrying out the provisions of this chapter and to alter, repeal or amend such regulations. Such rules and regulations shall have the full force and effect of law.” The appellant further argues that the A.B.C. Board has promulgated a rule (20-X-6-.12) concerning licensees and that the rule prohibits only bottomless dancers.
The Alabama Code under § 28-3-49 grants to the Board the authority to establish rules and regulations “for carrying out the provisions of this chapter,” and the chapter in question concerns “Regulation and Control of Alcoholic Beverages in Wet Counties.” However, the Code of Alabama addresses the crime of nudity under § 13A-6-68, for indecent exposure, and § 13A-12-130, for public lewdness.
“Lewd or indecent behavior that amounts to a flagrant flouting of community standards in respect to sexuality, especially if in public, is generally punishable in all jurisdictions, although some statutory prohibitions have been under recent constitutional law attack.
“Under § 13A-6-68, a person may be guilty of indecent exposure if he exposes his genitals in public under circumstances in which he knows his conduct is likely to cause affront or alarm to another. Section 13A-6-68, however, requires as an element an intent to arouse or gratify sexual desire, which places the offense within the category of sexual offenses, whereas § 13A-12-130 is concerned with open lewdness and obscenity.”
Section 13A-12-130 Commentary, Code of Alabama (1975). The commentary to § 13A-12-130 also indicates that “[t]here may also be some overlap with disorderly conduct, § 13A-ll-7(a)(3)”. However, as this point is not raised on appeal, we will assume, without deciding, that the Alcoholic Beverage Control Board has the authority and delegated power to regulate the clothing to be worn in a drinking establishment.
Huntsville City Ordinance 3-71 provides:
“It shall be unlawful for any manager, officer, agent, servant, employee or person in charge of any establishment within the City or the police jurisdiction thereof, licensed to sell spirituous or vinous liquors or malt or brewed beverages under the laws of the state, knowingly to exhibit, allow, engage in, participate in or be connected with any motion picture, show, performance or other presentation upon the licensed premises which, in *74 whole or in part, depicts nudity or sexual conduct.”
Huntsville City Ordinance 3-70 provides:
“Nudity means the showing of the human male or female genitals, pubic area or buttocks with less than a fully opaque covering, or the showing of the female breasts with less than a fully opaque covering of any portion thereof below the top of the darkened area surrounding the nipple, or the depiction of covered male genitals in a discernibly turgid state.”
The Huntsville law in this case is not in conflict with the state statute or, more specifically, the ABC Board’s regulation.
“A municipality has the authority to enact ordinances pursuant to its police powers, Ott v. Moody, 283 Ala. 288, 216 So.2d 177 (1968); Smith v. Town of Notasulga, 257 Ala. 382, 59 So.2d 674 (1952), as long as the ordinances are consistent with the general laws of the State. Ala. Const., Art. IV, § 89 (1901); Ala.Code § 11-45-1 (1975).
“Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu v. City of Mountain Brook, Ala.Cr.App., 386 So.2d 483, cert, denied, Ala., 386 So.2d 488 (1980); Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322 (1979). See also Atchley v. State, Ala.Cr.App., 393 So.2d 1034 (1981); Plump v. City of Birmingham, Ala.Cr.App., 385 So.2d 1349, cert, denied, Ala., 385 So.2d 1351 (1980).
“An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms. Plump v. City of Birmingham, supra; Smith v. Town of Notasulga, supra; City of Birmingham v. West, 236 Ala. 434, 183 So. 421 (1938).
“In the case before us, Huntsville’s ordinance does not contravene a State law; it does not, by its terms, prohibit something which the corresponding State statute affirmatively allows. Compare Atkins v. City of Tarrant City, supra (local drunk passenger ordinance inconsistent with State statute specifically exempting ‘passengers’ from its proscription).”
Congo v. State, 409 So.2d 475, 477-78 (Ala. Cr.App.1981), cert, denied, 412 So.2d 276 (Ala.1982). (Emphasis added.)
In the present case, the ordinance merely imposes more restrictions than the regulation does; moreover, no conflict exists, because the corresponding state statute (i.e., the ABC Board regulation) does not affirmatively allow topless dancing.
Furthermore, according to § 11-45-1, Code of Alabama (1975):
“Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances.” (Emphasis added.)
“In the exercise of the police powers granted it by § 11-45-1, Code 1975, a municipality may regulate and control the sale of beer and wine. The State has not preempted this power of control and regulation.” Swann v. City of Graysville, 367 So.2d 952, 954 (Ala.1979). See also Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (1975); U.S.A. Oil Corp. v. City of Lipscomb, 293 Ala. 103, 300 So.2d 362 (1974); Paulson’s Steerhead Restaurant v. Morgan, 273 Ala. 235, 139 So.2d 330 (1962); Norwood v. Capps, 278 Ala. 218, 177 So.2d 324 (1965). Although a municipality may not prescribe conditions that constitute a prohibition of the sale of alcohol, a municipality may establish conditions prerequisite to the issuance of a license for selling alcohol “so long as such conditions bear a reasonable relationship to the health, safety, and public welfare of the community.” Lawrence v. Gayle, 294 Ala. 91, 98, 312 So.2d 385, 391 (1975). Thus, under § 11-45-1, cities have been allowed to regulate hours of sale of alcoholic beverages beyond those hours affected by the Alabama Alcoholic Beverage *75 Control Board’s regulation where there is no conflict with state law and the municipal ordinance sets hours that are reasonable and not arbitrary. Gadsden Motel Company v. City of Attalla, 378 So.2d 705, 706 (Ala.1979). Further, the Alabama Supreme Court has upheld a City ordinance that prohibited the sale of beer within a reasonable distance from a school or church building on the reasoning that the provisions of that ordinance do no more than add restrictions to the statutory provisions and that the statute did not prescribe its restrictions to the exclusion of all others. See also Swann v. City of Graysville, supra.
“As far as possible an ordinance will be given a construction which will render it valid rather than void. Its constitutionality will be presumed unless the contrary clearly appears.” Sanford Service Co. v. City of Andalusia, 36 Ala.App. 74, 55 So.2d 854, 856 cert, denied, 256 Ala. 507, 55 So.2d 856 (1951). “ ‘[If] the [ordinance] is fairly debatable, a court will not substitute its judgment for that of the municipal government body acting in legislative capacity....’” Allen v. Axford, 285 Ala. 251, 257, 231 So.2d 122, 127 (1969), quoted in City of Birmingham v. Norris, 374 So.2d 854 (Ala. 1979), and City of Russellville v. Vulcan Materials Co., 382 So.2d 525, 527 (Ala.1980).
“While the courts are reluctant to interfere with the wide discretion vested in the municipal authorities in enacting ordinances for the public welfare, the duty rests upon the courts to determine their reasonableness, and if an ordinance is found to be unreasonable and but arbitrary fiat, a court will not hesitate to perform that duty and strike it down. Gilchrist Drug Co. v. City of Birmingham, 234 Ala. 204, 174 So. 609, 111 A.L. R. 103 (1937).”
City of Russellville v. Vulcan Materials Co., 382 So.2d 525, 527 (Ala.1979).
“The validity of a police power regulation ... primarily depends on whether, under all the existing circumstances, the regulation is reasonable, and whether it is really designed to accomplish a purpose properly falling within the scope of the police power. Crabtree v. City of Birmingham, 292 Ala. 684, 299 So.2d 282 (1974). Cities may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities. Leary v. Adams, 226 Ala. 472, 147 So. 391 (1933). Otherwise expressed, the police power may not be employed to prevent evils of a remote or highly problematical character. Nor may its exercise be justified when the restraint imposed upon the exercise of a private right is disproportionate to the amount of evil that will be corrected. Bolin v. State, 266 Ala. 256, 96 So.2d 582, conformed to in 39 Ala. App. 161, 96 So.2d 592 (1957).”

Id.

In the present case, the provisions of Sections 3-70 and 3-71 were reasonable restrictions falling within the scope of the City of Huntsville’s police power, to promote public morals and to protect the public welfare. The ordinances are not arbitrary and do not directly conflict with state statute; rather, they enlarge its scope by restricting not only bottomless dress, but topless and other specified dress.
AFFIRMED.
All the Judges concur, with BOWEN, P.J., concurring in result only.