This Court consented to answer the following questions certified by the United States Court of Appeals for the Eleventh Circuit 807 F.2d 922:
 1. "Has the State of Alabama delegated its twenty-first amendment power to the municipalities to a sufficient extent to enable the City of Newton to enact Ordinance 84-1? If so, does the City of Newton Town Council have this power?"
 2. "If the answers to both parts of question (1) are yes, then has the State of Alabama preempted the field of regulating what activities may occur in establishments licensed to serve liquor?" *Page 42 
 3. "If the answer to question (2) is no, then is Ordinance 84-1 inconsistent with State law, in particular with Ala. Code [1975,] § 28-3A-11 and with Alabama [Alcoholic Beverage Control Board] Rule and Regulation 20-X-6-.12, because, for example, the Ordinance prohibits activities permitted under State law or because the municipality is imposing fines and jail sentences not provided for under State law?"
Our answer to each part of question 1 is yes. Our answer to question 2 is no, but see our discussion of Section 2(c) of the ordinance, in which we find this section of the ordinance to be unreasonable. Our answer to question 3 is no.
The general Alabama Alcoholic Beverage Control Board regulation prohibiting obscene, lewd, or indecent conduct in establishments selling alcoholic beverages within the State of Alabama is as follows:
 "20-X-6-.12 OBSCENE, LEWD OR INDECENT CONDUCT: PROHIBITED
 "1. No licensee shall permit bottomless dancers or performers, or any other lewd or indecent conduct on the premises of such licensee.
 "2. No licensee shall permit any person to perform acts of or acts which simulate:
 "a. Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
 "b. The touching, caressing or fondling on the breasts, buttocks, anus or genitals.
 "c. The displaying of the pubic hair, anus, vulva or genitals.
 "3. No licensee shall permit any patron, customer or member to touch, caress or fondle the breasts, buttocks, anus, genitals or any part of the body or clothing of a performer.
 "4. No licensee shall permit the showing of films, still pictures, electronic reproduction or other visual reproductions depicting:
 "a. Acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.
 "b. Any person being touched, caressed or fondled on the breasts, buttocks, anus or genitals.
 "c. Scenes wherein a person displays the vulva or anus or the genitals.
 "d. Scenes wherein artificial devices or inanimate objects are employed to depict, or drawings are employed to portray, any of the prohibited activities described above.
 "In accordance with Rule 20-X-2-.03, a violation of this section shall constitute grounds for suspension or revocation of license. Statutory Authority: Section 28-3-49, Code of Alabama, 1975. Adopted: March 8, 1984. Filed April 17, 1984."
The ordinance adopted by the Town of Newton extended the prohibitions within establishments selling alcoholic beverages to include the following:
"Section 2 Nudity, sexual conduct prohibited.
"(a) . . . .
 "(b) No female person shall expose to public view any portion of her breasts below the top of the areola. . . .
 "(c) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her cleavage or simulation thereof. . . .
 "(d) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof. . . ."
Is this inconsistent with Regulation 20-X-6-.12? We think not.
The Alabama Constitution of 1901, Article 4, § 89, states:
 "The legislature shall not have power to authorize any municipal corporation to pass any law inconsistent with the general laws of this state." (emphasis supplied) *Page 43 
Municipalities have been given legislative authority by §11-45-1, Code of Alabama 1975. This section reads as follows:
 "Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances." (emphasis supplied)
The constitution compels us to interpret the emphasized portion of the foregoing code section (setting out what is commonly known as the "police power") as being subject to the constitutional restriction that any ordinance adopted by authority of such police power must not be inconsistent with the general laws of the State.
"Inconsistent" is defined by Black's Law Dictionary (5th ed. 1979) as "[m]utually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other." It implies "contradiction — qualities which cannot coexist — not merely a lack of uniformity in details." City of Montgomery v. Barefield,1 Ala. App. 515, 523, 56 So. 260, 262 (1911).
In Gadsden Motel Co. v. City of Attalla, 378 So.2d 705 (Ala. 1979), this Court held that an ordinance prohibiting the sale of alcoholic beverages within the City or its police jurisdiction between 12:01 a.m. and 6:00 a.m. on any secular day was not inconsistent with a regulation promulgated by the Alabama Alcoholic Beverage Control Board requiring its licensees to discontinue sales, and close at 12:00 midnight Saturday until 12:01 a.m. Monday and on election days until after the polls close.
 "It is within the authority of the Attalla City Council under § 11-45-1 to regulate hours of sale beyond those hours effected by the Board's regulation where there is no conflict and the municipal ordinance sets hours that are reasonable. Here there is no conflict and the evidence shows that the hours of sale prescribed by the ordinance are neither unreasonable nor arbitrary." 378 So.2d 706.
Judge DeCarlo, writing for the Court of Criminal Appeals of Alabama, in Congo v. State, 409 So.2d 475, 478, (Ala.Cr.App. 1982), cert. denied, 412 So.2d 276 (Ala. 1982), wrote:
 "Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu v. City of Mountain Brook, Ala.Cr.App. 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980); Atkins v. City of Tarrant City, Ala.Cr.App., 369 So.2d 322 (1979). See also Atchley v. State, Ala.Cr.App., 393 So.2d 1034 (1981); Plump v. City of Birmingham, Ala.Cr.App., 385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).
 "An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms. Plump v. City of Birmingham, supra; Smith v. Town of Notasulga, [257 Ala. 382, 59 So.2d 674 (1952)]; City of Birmingham v. West, 236 Ala. 434, 183 So. 421 (1938)."
We do not find that Alabama Alcoholic Beverage Control Board Regulation 20-X-6-.12 preempted the field of regulating what attire could be worn or what activities could take place in establishments licensed to serve liquor. The regulation expressly prohibited certain lack of attire and certain acts. The ordinance enacted by the Town of Newton is not inconsistent with this; it merely prohibits the lack of attire on portions of the anatomy that were not addressed by the Board. This ordinance is not repugnant or contradictory to the Board's regulation. The ordinance does not in any way abrogate or abandon the regulation. Gadsden Motor Co. v. City of Attalla,supra. *Page 44 
We will not, by judicial fiat, declare as unreasonable or arbitrary the ordinance adopted by the elected officials of Newton that prohibits a "female person" from exposing to public view in "an establishment dealing in alcoholic beverages" any portion of her breasts below the top of the areola (Section 2(b)), or prohibits a person maintaining, owning, or operating such an establishment from allowing such exposure (Section 2(d)). The prohibition is anatomically specific.
However, we do find Section 2(c) of the ordinance unreasonable. This purports to prohibit liquor licensees from suffering or permitting any person to expose to public view "his or her cleavage" in an establishment "dealing in alcoholic beverages." Cleavage is "the depression between a woman's breast esp. when made visible by the wearing of low-cut dresses," Webster's Third New International Dictionary (1971), or "the separation between a woman's breasts," AmericanHeritage Dictionary of the English Language (1969). It is unreasonable to expect a liquor licensee, from the ordinance as written, to know how high a woman's dress must be cut to keep her from exposing to public view "her cleavage." "[H]is . . . cleavage" is mutually repugnant as "cleavage" is now defined. For fear that the courts may "unsex"[1] the word, liquor licensees would have to second guess the courts to know what kind of shirts they must require male employees or customers to wear. The liquor licensees are not furnished with sufficient guidelines by Section 2(c) of the ordinance to know what attire or lack thereof is prohibited. This is unreasonable.
The ordinance has a severability clause:
 "If any part of this ordinance is held invalid or unconstitutional, it shall be severed from the remaining parts of the ordinance, and shall not affect the validity or constitutionality of said remaining parts."
CERTIFIED QUESTIONS ANSWERED.
TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
ALMON, J., not sitting.
[1] W. Shakespeare, Macbeth, Act I, sc. V, 1. 41. Lady Macbeth: ". . . Come, you spirits that tend on mortal thoughts! unsex me here. . . ."