Randall E. LANIER, Plaintiff–Appellant,

v.

CITY OF NEWTON, ALABAMA, etc., Chief of Police in his Official Capacity of the City of Newton, etc., Defendants–Appellees.

No. 86–7331
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 11, 1988.

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

Joseph W. Adams, Ozark, Ala., for defendants-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Randall E. Lanier brought this civil rights action under 42 U.S.C. §§ 1983, 1985 against the City of Newton, Alabama (the City) and the Police Chief of Newton in his official capacity. Lanier sought injunctive and declaratory relief, damages, and attorney's fees based upon appellees' enforcement of an ordinance barring topless dancing in establishments dealing in alcoholic beverages. The district court dismissed the suit, holding that, as the State of Alabama had not preempted the city's power to regulate the sale of alcohol in this fashion, and as the ordinance was not inconsistent with state law, the ordinance was a valid exercise of the city's power under the twenty-first amendment.

This court, on appeal, determined that Alabama law provided no clear, controlling precedent on the issues decided by the district court. We certified to the Alabama Supreme Court three questions: (1) whether the state had delegated its power under the twenty-first amendment to municipalities to a sufficient extent to enable the City of Newton to enact the ordinance; (2) whether the state had preempted the field of regulating the activities that may take place in establishments licensed to serve liquor; and (3) whether the ordinance was inconsistent with state law. *Lanier v. City of Newton*, 807 F.2d 922 (11th Cir.1987). The Alabama Supreme Court has now responded to our certified questions. *See* 518 So.2d 40 (1987). Based upon that court's response, appended hereto, and upon our review of the remaining questions presented by appellant, we affirm in part and reverse in part the decision of the district court.

Our previous opinion, reported at 807 F.2d 922, discusses the factual and legal history of this suit. *See also Fillingim v. Boone*, 835 F.2d 1389 (11th Cir.1988) (explaining municipal authority to enact ordinances barring nude or topless dancing by virtue of state delegation of power under the twenty-first amendment). The Alabama Supreme Court has determined that the state has delegated its powers under the twenty-first amendment to municipalities enabling them to enact ordinances banning topless dancing in business establishments serving alcohol. It has further concluded that the state has not preempted municipalities from regulating the activities that may occur in business establishments licensed to serve alcohol. Although the court also has found that the City of Newton's ordinance does not conflict with state law, it determined that section 2(c) of the ordinance is unreasonable. This section provides:

> No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her cleavage or simulation thereof within the establishments dealing in alcoholic beverages.

As the ordinance provides no guidance as to how "cleavage" would be defined, the court concluded that this section places an

unreasonable burden on the licensees of the regulated establishments. However, as pointed out by the court, the severability clause included in the ordinance allows this section to be declared unenforceable without affecting the validity of the remainder of the ordinance.[1]  ⌐

Given the response of the Alabama Supreme Court to our certified questions, we are left with the question of whether the regulation is a valid exercise of the municipality's delegated twenty-first amendment authority. "[T]he broad sweep of the Twenty-first Amendment has been recognized as conferring something more than the normal state authority over public health, welfare, and morals." *California v. LaRue*, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972). Indeed, state regulation adopted pursuant to the twenty-first amendment enjoys a presumption of validity. *Id.* at 118–19, 93 S.Ct. at 397; *Fillingim v. Boone*, 835 F.2d at 1397–98. The Supreme Court has recognized that a state's "power to ban the sale of alcoholic beverages entirely," which may be delegated as the state sees fit,[2] "includes the lesser power to ban the sale of liquor on premises where topless dancing occurs." *New York State Liquor Authority v. Bellanca*, 452 U.S. 714, 717, 101 S.Ct. 2599, 2601, 69 L.Ed.2d 357 (1981).

■ Because the ordinance in this case was adopted pursuant to authority derived from the twenty-first amendment, rather than from the municipality's police power, "extensive and detailed legislative findings based upon substantial evidence that the prohibited activity contributed to criminal activity in the county are not required." *Fillingim*, 835 F.2d at 1397. The Newton Town Council found, as included in the preamble of the ordinance, that "nudity and sexual conduct and depiction thereof, coupled with alcohol in public places, encourages undesirable behavior and is not in the interest of the public health, safety, and welfare, and that such undesirable behavior occurs in and around establishments dealing in alcoholic beverages where nude and sexual conduct and depiction thereof is permitted...." The Newton Council's findings, providing a rationale for the ordinance, are similar to those approved by the Supreme Court in *Bellanca*, 452 U.S. at 718, 101 S.Ct. at 2602, where the Court noted that elected representatives "have chosen to avoid the disturbances associated with mixing alcohol and nude dancing by means of a reasonable restriction upon establishments which sell liquor for on-premises consumption."[3] Accordingly, except for the portions of the ordinance forbidding

1. Presumably, the word "cleavage" should also be struck as unreasonable from sections 2(a) and 2(f) of the ordinance. Section 2(a) prohibits the exposure "to public view [of any person's] genitals, pubic area, vulva, anus, anal cleft or cleavage or any simulation thereof in an establishment dealing in alcoholic beverages." Section 2(f) provides:

   (f) No person shall cause and no person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit the exposition of any graphic representation, including pictures or the projection of film, which depicts human genitals, pubic area, vulva, anus, anal cleft or cleavage, female breasts below the top of the areola, sexual intercourse, masturbation, sodomy, beastiality [sic], oral copulation, flagellation, any sexual act prohibited by law, touching, caressing or fondling of the breasts, buttocks, anus, or genitals, or any simulation thereof within any establishment dealing in alcoholic beverages.

2. *City of Newport v. Iacobucci*, 479 U.S. 92, 107 S.Ct. 383, 385, 93 L.Ed.2d 334 (1986).

3. Appellant argues, however, that the town council relied upon an impermissible motive—morality—in enacting the ordinance. The preamble of the ordinance provides that the acts prohibited by the ordinance "permit and encourage undesirable morals and conduct." Appellant cites *Krueger v. City of Pensacola*, 759 F.2d 851, 856 n. 6 (11th Cir.1985) and *Leverett v. City of Pinellas Park*, 775 F.2d 1536 (11th Cir. 1985) as requiring that where impermissible considerations such as the " 'moral degradation' generated by nude and semi-nude entertainment" entered into the decision to ban such entertainment, the legislative body "must show by a preponderance of the evidence that it would have reached the decision to pass the legislation even without the impermissible motive." *Leverett*, 775 F.2d at 1540–41. Neither *Krueger* nor *Leverett*, however, was decided under the twenty-first amendment; in both cases the validity of the ordinance hinged upon whether its enactment was a valid exercise of the city's police power, rather than an exercise of authority properly delegated under the twenty-first amendment. In the present case, because Newton's authority is derived from the

the display of cleavage, an unreasonable requirement under Alabama law, we affirm the district court's finding that the ordinance is constitutional under the twenty-first amendment.

■ Appellant has raised two other challenges to the ordinance. First, he contends that, as the owner of the sole adult entertainment establishment in Newton, he was singled out for discriminatory treatment by the town council. In order to state a claim for selective prosecution, appellant must demonstrate that he was prosecuted while others similarly situated were not, and furthermore that the government prosecuted him invidiously or in bad faith. *Fillingim,* 835 F.2d at 1399. Whether or not appellant could show that he was singled out by the town council, he cannot, on the facts alleged, demonstrate that he was prosecuted in violation of his constitutional rights. "The invidiousness requirement is satisfied only if it can be established that the government's selective prosecution is motivated by constitutionally impermissible motives such as racial or religious discrimination or interference with the legitimate exercise of constitutional rights." *Id.* Here, as in *Fillingim,* we have found the ordinance not to infringe upon appellant's constitutional rights, and appellant has al-

leged no other unlawful motive for the council's action. Accordingly, his selective prosecution claim does not merit relief.

■ Appellant's second contention is that section 1(b) of the ordinance is overbroad. That section defines an establishment dealing in alcoholic beverages as:

any business establishment operating within the corporate limits of the Town of Newton which sells, dispenses or otherwise *allows the consumption of alcoholic beverages on the premises.*

(emphasis supplied). Appellant argues that this definition goes beyond the scope of permissible twenty-first amendment regulation, as it would include bottle clubs, restaurants, concerts, fashion shows, and other such businesses or commercial activities not licensed by the government to sell alcohol, but where alcohol may be consumed. He contends that the ordinance is invalid under our decision in *Leverett v. City of Pinellas Park,* 775 F.2d 1536 (11th Cir. 1985), which struck down as overbroad an ordinance, adopted pursuant to the city's police power, that prohibited nude or semi-nude entertainment in any commercial establishment. The court noted in *Leverett* that because the ordinance there applied to "any commercial establishment," it clearly "did not regulate protected expression as

twenty-first amendment, it need not produce substantial evidence that the prohibited conduct enhances criminal activity in the area. *See Fillingim,* 835 F.2d at 1397. Accordingly, because the twenty-first amendment confers extremely broad authority to regulate business establishments where alcohol is sold, *see LaRue,* 409 U.S. at 114, 93 S.Ct. at 395, we conclude that where a legislative body is acting pursuant to its twenty-first amendment authority, as opposed to under its general police powers, it need not make the showing, outlined in *Leverett,* that it would have passed the legislation even without the impermissible motive, but rather need only show that a permissible motive exists for the legislation. *See, e.g., Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 472 n. 7, 101 S.Ct. 1200, 1205–06 n. 7, 67 L.Ed.2d 437 (1981):

The question for us—and the only question under the Federal Constitution—is whether the legislation violates the [Constitution], not whether its supporters may have endorsed it for reasons no longer generally accepted. Even if the preservation of female chastity were one of the motives of the statute, and even if that motive be impermissible, petition-

er's argument must fail because "[i]t is a familiar practice of constitutional law that this court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." *United States v. O'Brien,* 391 U.S. 367, 383, 88 S.Ct. 1673, 1682, 20 L.Ed.2d 672 (1968). In *Orr v. Orr,* 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), for example, the Court rejected one asserted purpose as impermissible, but then considered other purposes to determine if they could justify the statute. Similarly, in *Washington v. Davis,* 426 U.S. 229, 243, 96 S.Ct. 2040, 2049, 48 L.Ed.2d 597 (1976), the Court distinguished *Palmer v. Thompson,* 403 U.S. 217, 91 S.Ct. 1940, 29 L.Ed.2d 438 (1971), on the grounds that the purposes of the ordinance there were not open to impeachment by evidence that the legislature was actually motivated by an impermissible purpose. In this case, the Newton Town Council has made a sufficient showing with its finding that nudity and sexual conduct, when coupled with alcohol, encourage undesirable behavior and are not in the public interest or welfare.

an incident to the regulation of alcohol." 775 F.2d at 1540, n. 2.

"[T]he invalidation of an ordinance for facial overbreadth is a remedy that should be applied 'sparingly and only as a last resort.'" *Fillingim,* 835 F.2d at 1398 (quoting *Broadrick v. Oklahoma,* 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973)). In this case the district court rejected Lanier's overbreadth claim, finding that the ordinance "clearly was passed as an incident to the regulation of alcohol, and did not go beyond the bounds of the Twenty-first amendment." We do not go so far, but conclude that, as applied in this case, the ordinance falls within the ambit of the twenty-first amendment and is not unconstitutionally overbroad.

Accordingly, we AFFIRM IN PART the decision of the district court. Based upon the decision of the Alabama Supreme Court that section 2(c) of the ordinance, prohibiting the exposure of cleavage, is unreasonable under Alabama law, we REVERSE the determination of the district court upholding this section. We also find that the reference to cleavage in sections 2(a) and 2(f) of the ordinance is unreasonable, and REVERSE the district court's approval of those sections only as to the word "cleavage."

## APPENDIX

### THE STATE OF ALABAMA—JUDICIAL DEPARTMENT

### THE SUPREME COURT OF ALABAMA

SPECIAL TERM, 1987

Randall E. Lanier

v.

City of Newton, Alabama, etc.

86–515–CER

CERTIFIED QUESTION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

September 18, 1987.

HOUSTON, Justice.

This Court consented to answer the following questions certified by the United States Court of Appeals for the Eleventh Circuit:

1. "Has the State of Alabama delegated its twenty-first amendment power to the municipalities to a sufficient extent to enable the City of Newton to enact Ordinance 84–1? If so, does the City of Newton Town Council have this power?"

2. "If the answers to both parts of question (1) are yes, then has the State of Alabama preempted the field of regulating what activities may occur in establishments licensed to serve liquor?"

3. "If the answer to question (2) is no, then is Ordinance 84–1 inconsistent with State law, in particular with Ala. Code [1975,] § 28–3A–11 and with Alabama [Alcoholic Beverage Control Board] Rule and Regulation 20–X–6–.12, because, for example, the Ordinance prohibits activities permitted under State law or because the municipality is imposing fines and jail sentences not provided for under State law?"

Our answer to each part of question 1 is yes. Our answer to question 2 is no, but see our discussion of Section 2(c) of the ordinance, in which we find this section of the ordinance to be unreasonable. Our answer to question 3 is no.

The general Alabama Alcoholic Beverage Control Board regulation prohibiting obscene, lewd, or indecent conduct in establishments selling alcoholic beverages within the State of Alabama is as follows:

"20–X–6–.12 OBSCENE, LEWD OR INDECENT CONDUCT: PROHIBITED

"1. No licensee shall permit bottomless dancers or performers, or any other lewd or indecent conduct on the premises of such licensee.

"2. No licensee shall permit any person to perform acts of or acts which simulate:

"a. Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

"b. The touching, caressing or fondling on the breasts, buttocks, anus or genitals.

"c. The displaying of the pubic hair, anus, vulva or genitals.

"3. No licensee shall permit any patron, customer or member to touch, caress or fondle the breasts, buttocks, anus, genitals or any part of the body or clothing of a performer.

"4. No licensee shall permit the showing of films, still pictures, electronic reproduction or other visual reproductions depicting:

"a. Acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual acts which are prohibited by law.

"b. Any person being touched, caressed or fondled on the breasts, buttocks, anus or genitals.

"c. Scenes wherein a person displays the vulva or anus or the genitals.

"d. Scenes wherein artificial devices or inanimate objects are employed to depict, or drawings are employed to portray, any of the prohibited activities described above.

"In accordance with Rule 20–X–2–.03, a violation of this section shall constitute grounds for suspension or revocation of license. Statutory Authority: Section 28–3–49, *Code of Alabama,* 1975. Adopted: March 8, 1984. Filed April 17, 1984."

The ordinance adopted by the Town of Newton extended the prohibitions within establishments selling alcoholic beverages to include the following:

"Section 2 Nudity, sexual conduct prohibited.

"(a) . . . .

"(b) No female person shall expose to public view any portion of her breasts below the top of the areola. . . .

"(c) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any person to expose to public view his or her cleavage or simulation thereof. . . .

"(d) No person maintaining, owning, or operating an establishment dealing in alcoholic beverages shall suffer or permit any female person to expose to public view any portion of her breasts below the top of the areola or any simulation thereof. . . ."

Is this inconsistent with Regulation 20–X–6–.12? We think not.

The Alabama Constitution of 1901, Article 4, § 89, states:

"The legislature shall not have power to authorize any municipal corporation to pass any law *inconsistent* with the general laws of this state." (emphasis supplied)

Municipalities have been given legislative authority by § 11–45–1, Code of Alabama 1975. This section reads as follows:

"Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any other applicable provisions of law *and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances.*" (emphasis supplied)

The constitution compels us to interpret the emphasized portion of the foregoing code section (setting out what is commonly known as the "police power") as being subject to the constitutional restriction that any ordinance adopted by authority of such police power, must not be inconsistent with the general laws of the State.

"Inconsistent" is defined by Black's Law Dictionary (5th ed. 1979) as "[m]utually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other." It implies "contradiction—qualities which cannot coexist—not merely a lack of uniformity in details." *City of*

*Montgomery v. Barefield,* 1 Ala.App. 515, 523, 56 So. 260, 262 (1911).

In *Gadsden Motel Co. v. City of Attalla,* 378 So.2d 705 (Ala.1979), this Court held that an ordinance prohibiting the sale of alcoholic beverages within the City or its police jurisdiction between 12:01 a.m. and 6:00 a.m. on any secular day was not inconsistent with a regulation promulgated by the Alabama Alcoholic Beverage Control Board requiring its licensees to discontinue sales, and close at 12:00 midnight Saturday until 12:01 a.m. Monday and on election days until after the polls close.

> "It is within the authority of the Attalla City Council under § 11–45–1 to regulate hours of sale beyond those hours effected by the Board's regulation where there is no conflict and the municipal ordinance sets hours that are reasonable. Here there is no conflict and the evidence shows that the hours of sale prescribed by the ordinance are neither unreasonable nor arbitrary." 378 So.2d 706.

Judge DeCarlo, writing for the Court of Criminal Appeals of Alabama, in *Congo v. State,* 409 So.2d 475, 478 (Ala.Cr.App.1982), cert. denied, 412 So.2d 276 (Ala.1982), wrote:

> "Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See *Leu v. City of Mountain Brook,* Ala.Cr.App. 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980); *Atkins v. City of Tarrant City,* Ala.Cr.App., 369 So.2d 322 (1979). See also *Atchley v. State,* Ala.Cr.App., 393 So.2d 1034 (1981); *Plump v. City of Birmingham,* Ala.Cr.App., 385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).
>
> "An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms. *Plump v. City of Birmingham,* supra; *Smith v. Town of Notasulga,* [257 Ala. 382, 59 So.2d 674 (1952) ]; *City of Birmingham v. West,* 236 Ala. 434, 183 So. 421 (1938)."

We do not find that Alabama Alcoholic Beverage Control Board Regulation 20–X–6–.12 preempted the field of regulating what attire could be worn or what activities could take place in establishments licensed to serve liquor. The regulation expressly prohibited certain lack of attire and certain acts. The ordinance enacted by the Town of Newton is not inconsistent with this; it merely prohibits the lack of attire on portions of the anatomy that were not addressed by the Board. This ordinance is not repugnant or contradictory to the Board's regulation. The ordinance does not in any way abrogate or abandon the regulation. *Gadsden Motor Co. v. City of Attalla, supra.*

We will not, by judicial fiat, declare as unreasonable or arbitrary the ordinance adopted by the elected officials of Newton that prohibits a "female person" from exposing to public view in "an establishment dealing in alcoholic beverages" any portion of her breasts below the top of the areola (Section 2(b)), or prohibits a person maintaining, owning, or operating such an establishment from allowing such exposure (Section 2(d)). The prohibition is anatomically specific.

However, we do find Section 2(c) of the ordinance unreasonable. This purports to prohibit liquor licensees from suffering or permitting any person to expose to public view "his or her cleavage" in an establishment "dealing in alcoholic beverages." Cleavage is "the depression between a woman's breast esp. when made visible by the wearing of low-cut dresses," *Webster's Third New International Dictionary* (1971), or "the separation between a woman's breasts," *American Heritage Dictionary of the English Language* (1969). It is unreasonable to expect a liquor licensee, from the ordinance as written, to know how high a woman's dress must be cut to keep her from exposing to public view "her cleavage." "[H]is ... cleavage" is mutually repugnant as "cleavage" is now defined.

For fear that the courts may "unsex"[1] the word, liquor licensees would have to second guess the courts to know what kind of shirts they must require male employees or customers to wear. The liquor licensees are not furnished with sufficient guidelines by Section 2(c) of the ordinance to know what attire or lack thereof is prohibited. This is unreasonable.

The ordinance has a severability clause:
"If any part of this ordinance is held invalid or unconstitutional, it shall be severed from the remaining parts of the ordinance, and shall not affect the validity or constitutionality of said remaining parts."

CERTIFIED QUESTIONS ANSWERED.

TORBERT, C.J., and MADDOX, JONES, SHORES, BEATTY, ADAMS, and STEAGALL, JJ., concur.

ALMON, J., not sitting.

---

1. W. Shakespeare, Macbeth, Act I, sc. V, 1. 41. Lady Macbeth: "... Come, you spirits that tend on mortal thoughts! unsex me here...."