Omer Stevie Gibson, d/b/a/ Yesterday's Billiards Cafe, appeals from a judgment of the Tallapoosa County Circuit Court dismissing his lawsuit against the City of Alexander City (the "City"), its mayor, and its city council. He had sued the mayor and the council members, both personally and in their official capacities. We affirm.
On November 27, 1996, Gibson was issued a retail liquor license by the Alabama Alcoholic Beverage Control Board, for his business, operated under the name Yesterday's Billiards Cafe ("Yesterday's"). He operated that business in Alexander City. This license authorized Gibson to sell and serve alcoholic beverages 24 hours a day, six days a week. Yesterday's, and other local establishments with liquor licenses, were required under the licenses not to sell or serve alcoholic beverages between 2 *Page 1154 
a.m. on Sunday and 12:01 a.m. on Monday. On February 3, 1997, the City adopted Ordinance No. 097-7. Section 2 of that ordinance provides:
 "HOURS OF CONSUMPTION. No person, partnership, or corporation nor any agent or employee thereof, operating a public or private commercial establishment shall permit the consumption of alcoholic beverages on the premises of such establishment between the hours of 12:00 midnight and 7 a.m., provided, however, that nothing in this section shall be construed to permit the sale, distribution, giving away, storage of alcoholic beverages at any time on Sunday, unless otherwise permitted by the laws of the State of Alabama, or the ordinances of the City of Alexander City, Alabama."
Section 5 of the ordinance provides:
 "Penalty. Any person or entity which shall be found to have violated any provision of this Ordinance shall be fined five hundred dollars ($500.00) for each offense, a separate offense shall be deemed committed on each day during or on which a violation occurs or continues."
Gibson alleged that, since the City adopted and began enforcing this ordinance, he has not been able to operate his business "as authorized and allowed by the laws of the State of Alabama, including but not limited to the Alcoholic Beverage Licensing Code." Gibson alleged that, because of the enforcement of the ordinance, he lost sales, his profits declined, and he was forced to close his business.
On January 15, 1999, Gibson filed a two-count complaint against the City, its mayor, and its council, and the council members. In Count I, Gibson alleged that Ordinance 097-7 violates state law and that the defendants acted willfully, wantonly, recklessly, and "beyond [their] authority" in adopting and enacting the ordinance. Gibson requested a judgment declaring that Ordinance 097-7 violates state law, and an order temporarily restraining the defendants from enforcing the ordinance. Count II alleged that the defendants, "acting under color of State law," had "willfully, intentionally, purposely, recklessly, illegally, and unconstitutionally adopted and approved" Ordinance 097-7. Therefore, claimed Gibson, the ordinance violated Alabama Constitution of 1901, Art. IV, § 104, which provides:
 "The legislature shall pass general laws for the cases enumerated in this section, providing that nothing in this section or article shall affect the right of the legislature to enact local laws regulating or prohibiting the liquor traffic; but no such local law shall be enacted unless notice shall have been given as required in section 106 of this Constitution."
Between February 22 and March 5, 1999, all of the defendants filed motions to dismiss; each of those motions sought a dismissal based on a claim of immunity. The City also moved to dismiss on the ground that a municipality cannot be liable for a wanton, willful, reckless, or intentional act, relying on Ala. Code 1975, § 11-47-190. On April 15, 1999, the trial court entered an order dismissing the mayor and the members of the city council. On April 17, 1999, the court granted the City's motion to dismiss, stating that "the City had the authority to enact Ordinance 097-7, and said Ordinance is not inconsistent with state law."
Gibson appealed. The sole issue Gibson raises on this appeal is whether the City had authority to adopt an ordinance restricting the sale of alcoholic beverages.
Section 11-45-1, Ala. Code 1975, authorizes municipalities to adopt ordinances in furtherance of their police powers. It provides:
 "Municipal corporations may from time to time adopt ordinances and resolutions not inconsistent with the laws of the state to carry into effect or discharge the powers and duties conferred by the applicable provisions of this title and any *Page 1155 
other applicable provisions of law and to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the inhabitants of the municipality, and may enforce obedience to such ordinances."
Section 11-45-9, Ala. Code 1975, allows municipalities to impose penalties upon persons who violate municipal ordinances:
 "(a) Municipal ordinances may provide penalties of fines, imprisonment, hard labor or one or more of such penalties for violation of ordinances.
 "(b) No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in section 32-5A-191 [pertaining to driving under the influence], such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year."
In Lanier v. City of Newton, 518 So.2d 40 (Ala. 1987), this Court wrote:
 "`Inconsistent' is defined by Black's Law Dictionary (5th ed. 1979) as `[m]utually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other.' It implies `contradiction — qualities which cannot coexist — not merely a lack of uniformity in details.' City of Montgomery v. Barefield, 1 Ala. App. 515, 523, 56 So. 260, 262 (1911).
 "In Gadsden Motel Co. v. City of Attalla, 378 So.2d 705
(Ala. 1979), this Court held that an ordinance prohibiting the sale of alcoholic beverages within the City or its police jurisdiction between 12:01 a.m. and 6:00 a.m. on any secular day was not inconsistent with a regulation promulgated by the Alabama Alcoholic Beverage Control Board requiring its licensees to discontinue sales, and close at 12:00 midnight Saturday until 12:01 a.m. Monday and on election days until after the polls close.
 "`It is within the authority of the Attalla City Council under § 11-45-1 to regulate hours of sale beyond those hours effected by the Board's regulation where there is no conflict and the municipal ordinance sets hours that are reasonable. Here there is no conflict and the evidence shows that the hours of sale prescribed by the ordinance are neither unreasonable nor arbitrary. 378 So.2d 706.'
"Judge DeCarlo, writing for the Court of Criminal Appeals of Alabama, in Congo v. State, 409 So.2d 475, 478, (Ala.Cr.App. 1982), cert. denied, 412 So.2d 276 (Ala. 1982), wrote:
 "`Whether an ordinance is inconsistent with the general law of the State is to be determined by whether the municipal law prohibits anything which the State law specifically permits. See Leu v. City of Mountain Brook, Ala. Cr. App., 386 So.2d 483, cert. denied, Ala., 386 So.2d 488 (1980), Atkins v. City of Tarrant City, Ala. Cr. App., 369 So.2d 322 (1979). See also Atchley v. State, Ala. Cr. App., 393 So.2d 1034 (1981), Plump v. City of Birmingham, Ala. Cr. App., 385 So.2d 1349, cert. denied, Ala., 385 So.2d 1351 (1980).'
 "`An ordinance which merely enlarges upon the provision of a statute by requiring more restrictions than the statute requires creates no conflict unless the statute limits the requirement for all cases to its own terms. Plump v. City of Birmingham, supra, Smith v. Town of Notasulga, [257 Ala. 382, 59 So.2d 674 (1952)], City of Birmingham v. West, 236 Ala. 434, 183 So. 421
(1938).'"
518 So.2d at 43 (emphasis added).
The challenged ordinance merely enlarges upon the statutory provisions of the Alcoholic Beverage Licensing Code; it is not inconsistent with Alabama statutory law or the Alabama Constitution. What this Court stated in Gadsden Motel Co. v. *Page 1156 City of Attalla, 378 So.2d 705 (Ala. 1979), a case with facts similar to those in the present case, is equally true in this case:
 "The ordinance merely limits the sale of alcoholic beverages. And, under the provision of § 11-45-1, Code of Alabama 1975, the City has the authority to regulate the hours of sale of alcoholic beverages as long as the hours of sale are reasonable. . . ."
 ". . . Here, there is no conflict and the evidence shows that the hours of sale prescribed by the ordinance are neither unreasonable nor arbitrary."
Gadsden Motel, 378 So.2d at 706 (emphasis added) (footnote omitted).
Immunity of City Officials
"City officials are absolutely immune from suits attacking their legislative judgment. Tutwiler Drug Co. v.City of Birmingham, 418 So.2d 102 (Ala. 1982). The appropriation of funds by the city council is an exercise of legislative power. Morgan County Commission v. Powell,292 Ala. 300, 305, 293 So.2d 830 (1974). City officials actingwithin the general scope of their authority have a qualifiedor discretionary immunity and are not subject to tortliability for an administrative act or omission. Taylor v.Shoemaker, 605 So.2d 828 (Ala. 1992), adopting Restatement(Second) of Torts § 895D (1979). The Restatement provides that `A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if . . . he is immune because engaged in the exercise of a discretionary function.' Thus, as a general rule, city officials are immune from suit unless they violate clearly established law. The plaintiffs do not allege any violation of law in this case."
Ex parte City of Birmingham, 624 So.2d 1018, 1021 (Ala. 1993). Although the plaintiff couched his complaint in terms of wantonness, willfulness, and recklessness, nothing in his complaint alleges conduct that would permit a recovery based on those claims. Neither has Gibson alleged that the mayor and the members of the council committed a tortious act outside the general scope of their authority. Gibson has alleged no facts on which he could recover against the mayor or the members of the city council. Therefore, the trial court properly dismissed them from Gibson's lawsuit. Id. Gibson claims that Ordinance 097-7 is unconstitutional because, he says, it conflicts with, or is inconsistent with, Ala. Code 1975, §§ 28-3A-1 to -26, known as the "Alcoholic Beverage Licensing Code." We have carefully reviewed the Alcoholic Beverage Licensing Code and we do not believe that Ordinance 097-7 in any way conflicts with, or is inconsistent with, the provisions of that statute.
Finally, Gibson notes that the Alcoholic Beverage Licensing Code was enacted after this Court decided Gadsden Motel Co. v.City of Attalla, 378 So.2d 705 (Ala. 1979). Therefore, Gibson argues that Gadsden Motel Co. was impliedly overruled by the Alcoholic Beverage Licensing Code. Our holding that Ordinance 097-7 does not conflict with provisions of the Alcoholic Beverage Licensing Code renders a resolution of Gibson's final argument unnecessary.
For the foregoing reasons, the trial court's judgment is due to be affirmed.
AFFIRMED.
Maddox, Houston, Cook, and Brown, JJ., concur.
See and Lyons, JJ., concur specially.
Johnstone, J., concurs in part and concurs in the result in part.