678 So.2d 745 (1996)
The RANCH HOUSE, INC., etc., et al.
v.
The CITY OF ANNISTON.
1941524.
Supreme Court of Alabama.
April 5, 1996.
Rehearing Denied June 14, 1996.
Steven H. Swander, Fort Worth, Texas, Cliff Callis, Gadsden, for Appellants.
George A. Monk of Merrill, Porch, Dillon & Fite, Anniston, for Appellee.
HOOPER, Chief Justice.
The Ranch House, Inc., and its president sued for a judgment declaring Ordinance No. 94-0-03 of the City of Anniston unconstitutional. That ordinance prohibits nudity or partial nudity in establishments in which alcoholic beverages are dispensed, sold, or consumed. The trial court entered a summary judgment for the City. The plaintiffs appealed.
In the mid-1980s, Anniston experienced new crime problems after two topless bars opened in the City. The police chief determined these new problems were related to the topless bars and that they occurred because topless dancing was being performed where alcohol was being sold or served. In response to the police chief's concerns, and after concluding that such an ordinance would be valid, the Anniston City Council in 1987 enacted Ordinance No. 87-0-41, as an amendment to Chapter 3.50, Anniston City Code.
That ordinance, as originally enacted, prohibited the use of nudity or partial nudity in entertainment in an establishment that "dispenses or otherwise allows the consumption of alcoholic beverages on the premises." The City states that the purpose of this ordinance was to prevent crime, not to restrict nude dancing.
On or about October 8, 1993, Ranch House began operating in Calhoun County, near the City of Anniston. The Alabama Alcoholic Beverage Control Board licensed Ranch *746 House to sell beer and wine. Ranch House began offering live entertainment that included female dancers performing nude or partially nude. On December 7, 1993, the City informed Harvey J. Bowman, president of Ranch House, that his business was operating within the Anniston police jurisdiction and that as of January 1, 1994, Ranch House would be required to comply with all applicable Anniston ordinances, including Ordinance No. 87-0-41. On January 1, 1994, Bowman was arrested for violating that ordinance. He was convicted in the Anniston Municipal Court; his appeal is now pending in the Calhoun Circuit Court.
Thereafter, Ranch House reconfigured the building in which it operated, so as to separate that area where beer and wine were sold from the area where partially nude or nude dancing was carried on. One could purchase beer or wine at the bar on one side of the building and carry it to the other side and consume it there while watching the dancing. The Anniston police chief notified the city attorney of the reconfiguration and advised the attorney that Bowman had discovered a loophole in the ordinance and that he thought the crime problems encountered by the City would continue if the loophole was not closed.
In January 1994, the city adopted ordinance No. 94-0-03 as an ordinance amending Ordinance No. 87-0-41. The new ordinance prohibits nudity or partial nudity in a business that sells or dispenses alcoholic beverages or allows the consumption of alcoholic beverages on its premises.
The plaintiffs then sued in the United States District Court for the Northern District of Alabama, seeking a judgment declaring that Ordinance No. 94-0-03 violated the free speech/expression guarantees of the United States and Alabama Constitutions. The district court denied preliminary injunctive relief based on the federal constitutional claims and declined jurisdiction over the state constitutional claims. Ranch House and Bowman voluntarily dismissed their federal action and filed this action for declaratory relief in the Calhoun County Circuit Court.
The issues of the case are: (1) Did the City of Anniston properly exercise its police power in enacting Ordinance No. 94-0-03? (2) Does Anniston Ordinance No. 94-0-03 violate the right to freedom guaranteed by § 4 of the Alabama Constitution?
This Court has addressed a municipality's police power involving a similar ordinance, in answering a certified question in Lanier v. City of Newton, 518 So.2d 40 (Ala.1987). In Lanier, this Court upheld the ordinance. In that case, the United States Court of Appeals for the Eleventh Circuit certified to this Court questions regarding the validity of city ordinances that concerned attire in establishments serving alcoholic beverages. This Court held that the State of Alabama had delegated its regulatory powers under the 21st Amendment to municipalities to such an extent that it had enabled a municipality to pass an ordinance regulating the combining of alcohol and nudity in a business licensed to sell alcohol. This Court held that the City of Newton's ordinance prohibiting a female from exposing her breasts in an "establishment dealing in alcoholic beverages" did not violate the Alabama Constitution. Lanier, at 41.
Based on the holding of Lanier, we conclude that the City of Anniston has the authority to forbid a business from permitting the drinking of alcoholic beverages and nude dancing at the same time, in order to prevent crime.
Does Anniston Ordinance No. 94-0-03 violate § 4, of the Alabama Constitution?
Section 4 states:
"[N]o law shall ever be passed to curtail or restrain the liberty of speech or of the press; and any person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that liberty."
This Court has held:
"[T]he state may under its `police power' enact laws which interfere indirectly and to a limited extent with freedom of speech or the press, if reasonably necessary for protection of the general public."
State v. Mills, 278 Ala. 188, 193-94, 176 So.2d 884 (1965), rev'd on other grounds, 384 U.S. 214, 86 S.Ct. 1434, 16 L.Ed.2d 484 (1966). *747 See also, Barton v. City of Bessemer, 234 Ala. 20, 173 So. 626 (1937). Thus, this Court has recognized only a limited power on the part of the State to enact laws restricting the freedom of speech.
The Anniston ordinance regulates conduct; it is not directed at speech or expression. This Court held in Lanier v. City of Newton that a municipality could enact an ordinance prohibiting a "female person" from "expos[ing] to public view any portion of her breasts below the top of the areola" in "an establishment dealing in alcoholic beverages." Lanier, 518 So.2d at 42. We conclude that the Anniston ordinance prohibiting nudity or partial nudity in establishments at which alcoholic beverages are dispensed, sold, or consumed does not violate § 4 of the Alabama Constitution.
AFFIRMED.
MADDOX, SHORES, HOUSTON, and KENNEDY, JJ., concur.
ALMON, INGRAM, COOK, and BUTTS, JJ., concur in the result.
COOK, Justice (concurring in the result).
I concur in the majority's conclusion that the City of Anniston's Ordinance No. 94-0-03 does not violate rights guaranteed by Ala. Const.1901, § 4. That section provides: "[N]o law shall ever be passed to curtail or restrain the liberty of speech or of the press; and any person may speak, write, and publish his sentiments on all subjects, being responsible for the abuse of that liberty." I write, however, to point out that the ordinance does not, in fact or effect, regulate conduct to which § 4 applies.
The effect of the ordinance is best illustrated by a comparison of the activities permitted with the activities prohibited. Specifically, the ordinance permits performances by topless females. It permits spectators to view these performances while sober, or even while under the influence of alcoholas long as the alcohol was consumed at another location. The ordinance prohibits only the purchase or consumption of alcohol in the immediate presence of the dancers or in an area immediately adjacent to the area where the dancers are located. Thus, the ordinance regulates the activities of spectators, or potential spectators, not activities of the dancers themselves.
Section 4 of the Constitution of Alabama does not guarantee citizens the right to purchase or consume alcohol. Thus, it does not guarantee them the right to view performances by topless or nude females with alcohol in, or at, hand. Because this case involves no right with which § 4 is concerned, I concur in the result.
INGRAM, J., concurs.