[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-11230

_____

D. C. Docket No. 99-00222-CV-HL-5-1

HEATHER GARY,

Plaintiff-Appellant,

versus

CITY OF WARNER ROBINS, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(November 13, 2002)**

Before HULL, WILSON and FAY, Circuit Judges.

WILSON, Circuit Judge:

Heather Gary appeals the district court's order granting summary judgment
in favor of the City of Warner Robins. Gary contends that the district court erred
in concluding that City Ordinance 45-99 did not violate her equal protection rights

under the Fifth and Fourteenth Amendments and that the ordinance did not violate

her right to engage in nude dancing under the First Amendment.[1]

BACKGROUND

On May 5, 1999, the City amended its Alcoholic Beverages Ordinance by

adopting Ordinance 45-99. *See* City of Warner Robins, Ga., Code ch. 4.

Ordinance 45-99 prohibits persons under the age of twenty-one from entering or

working at "any establishment . . . which sells alcohol by the drink for

consumption on premises." *Id.* § 4-4(b)(1)–(2).[2] The ordinance does not, however,

---

[1] Gary also contends that the district court erred in granting summary judgment in favor of the City, because the ordinance is overbroad and vague. We find no merit to these arguments and decline to address them.

Gary also made state law claims, including a claim that the ordinance is void under the Georgia Constitution because it is a special law that is preempted by a general state law. Given its grant of summary judgment in the City's favor on all federal claims, the district court declined to exercise supplemental jurisdiction over Gary's state law claims and thereby dismissed those claims without prejudice. We also affirm the district court's decision in that regard.

[2] The relevant portions of the ordinance provide as follows:

(a)   For purposes of this section, the term "eating establishment" means an establishment which is licensed to sell distilled spirits, malt beverages, or wines and which derives at least two-thirds (2/3) of its total annual gross food and beverage sales from the sale of prepared meals or food. For the sole purpose of determining compliance with the provisions of this section, the city shall have the right of unfettered access to all accounting information of licensees necessary to determine the source of such revenues.

(b)   (1)   It shall be unlawful for any person under the age of twenty-one (21) to enter any establishment or section of an establishment which sells alcohol by the drink for consumption on premises except that persons under twenty-one (21) may enter an eating establishment to be served food.

(2)   It shall be unlawful for any person in charge of or employed by an establishment

2

prohibit persons under the age of twenty-one from entering an "eating establishment." *Id.* An "eating establishment" is defined as "an establishment which is licensed to sell distilled spirits, malt beverages, or wines and which derives at least two-thirds (2/3) of its total annual gross food and beverage sales from the sale of prepared meals or food." *Id.* § 4-4(a).

Teasers, an establishment that sells alcohol in Warner Robins, features live nude dancing, but does not serve food. In a letter dated May 20, 1999, the City notified Teasers about Ordinance 45-99 and indicated that enforcement of the ordinance would begin on June 15, 1999. At that time, Gary worked at Teasers as a nude dancer and was under the age of twenty-one.

On June 15, 1999, Gary and other employees of Teasers filed a complaint in district court, challenging the ordinance and seeking injunctive relief and damages pursuant to 42 U.S.C. § 1983.[3] The district court denied the plaintiffs' request for injunctive relief and we affirmed. *Anderson v. City of Warner Robins*, 11th Cir.

---

which sells alcohol by the drink for consumption on premises, but which is not an eating establishment, to allow any person under twenty-one (21) to enter such place of business.

(3)  a.  The prohibitions contained in this section shall include the employment and/or contracting for services of persons under the age of twenty-one (21) in establishments which sell alcohol by the drink for consumption on premises which are not eating establishments.

City of Warner Robins, Ga., Code § 4-4(a)–(b)(1)–(3)(a).

[3] The other plaintiffs were dismissed for reasons that are not relevant to this appeal.

2000, __ F.3d __ (No. 99-13962, July 21, 2000). Subsequently, the parties conducted discovery, and, at the close of discovery, the district court granted the City's motion for summary judgment. This appeal followed.

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment *de novo* applying the same standards as the district court." *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1284 (11th Cir. 1997). Summary judgment should be awarded when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Viewing the evidence in the light most favorable to the nonmoving party, we ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

### I. Equal Protection Claim

The Equal Protection Clause requires that the government treat similarly situated persons in a similar manner.[4] U.S. Const. amend. XIV, § 1. When

---

[4] The Fourteenth Amendment provides as follows: "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

Although the Fifth Amendment contains no equal protection clause, it does forbid

4

legislation classifies persons in such a way that they receive different treatment under the law, the degree of scrutiny the court applies depends upon the basis for the classification. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976) (per curiam); *Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000), *cert. denied*, 532 U.S. 978 (2001). If a fundamental right or a suspect class is involved, the court reviews the classification under strict scrutiny. *Murgia*, 427 U.S. at 312; *Mason v. Lister*, 562 F.2d 343, 346 (5th Cir. 1977).[5] "If an ordinance does not infringe upon a fundamental right or target a protected class, equal protection claims relating to it are judged under the rational basis test; specifically, the ordinance must be rationally related to the achievement of a legitimate government purpose." *Joel*, 232 F.3d at 1357.

## A. Suspect Class or Fundamental Right

Ordinance 45-99 classifies persons based upon age. *See* City of Warner Robins, Ga., Code § 4-4(b)(1)–(2) (prohibiting persons under the age of twenty-

---

discrimination that is so unjustifiable as to be violative of due process. Thus, if a classification would be invalid under the Equal Protection Clause of the Fourteenth Amendment, it is also inconsistent with the due process requirement of the Fifth Amendment.

*Johnson v. Robison*, 415 U.S. 361, 364 n.4 (1974) (citations omitted) (internal quotation marks omitted).

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

one from entering or working at noneating establishments). Age, however, is not a suspect class. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000); *Mason*, 562 F.2d at 346.[6] Therefore, unless the ordinance infringes upon a fundamental right, it will be scrutinized under the rational basis test. *See Joel*, 232 F.3d at 1357.

"[A] fundamental right must be objectively, deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [the right] were sacrificed." *Williams v. Pryor*, 240 F.3d 944, 955 (11th Cir. 2001) (second alteration in original) (internal quotation marks omitted). Gary contends that the ordinance infringes upon her fundamental rights of freedom of association and freedom of movement as an adult. Specifically, she alleges that the ordinance restricts her freedom of association and freedom of movement, because she cannot work in an establishment that sells alcohol until she is twenty-one, but she can draft a will,[7] consent to sexual intercourse,[8] and refuse medical treatment.[9]

---

[6] A classification does not have the traditional characteristics of "suspectness" when "the class is not saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 28 (1973).

[7] *See* O.C.G.A. § 53-4-10(a).

[8] *See* O.C.G.A. § 16-6-3(a).

[9] *See* O.C.G.A. § 31-9-7.

Freedom of association is a fundamental right that encompasses two forms, namely "intimate association" and "expressive association." *McCabe v. Sharrett*, 12 F.3d 1558, 1562–63 (11th Cir. 1994). "Intimate association" is the right to "maintain certain intimate human relationships," and "expressive association" is the "right to associate for the purpose of engaging in those activities protected by the First Amendment – speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18 (1984). Freedom of movement generally is associated with the fundamental right to travel. *See Kent v. Dulles*, 357 U.S. 116, 125-27 (1958) ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law . . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was part of our heritage.").

The ordinance, however, does not infringe upon Gary's freedom of association or her freedom of movement. First, there is no generalized right to associate in alcohol-purveying establishments with other adults. *See City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (finding that the Constitution does not "recognize[] a generalized right of 'social association' that includes chance encounters in dance halls"). Therefore, to the extent that Gary alleges that the

7

ordinance infringes upon a generalized right to associate with other adults, her claim lacks merit.

Second, in *Artistic Entertainment, Inc. v. City of Warner Robins*, 223 F.3d 1306, 1308, 1311 (11th Cir. 2000) (per curiam), we upheld the City's right, under Ordinance 19-97, to prohibit adult businesses from obtaining liquor licenses. Consequently, Gary no longer has a right to engage in nude dancing in an alcohol-licensed establishment in the City. *See id.* Thus, whatever impact Ordinance 45-99 might have had on Gary's freedoms if Ordinance 19-97 did not exist, it has no impact on those freedoms at the present time. Gary remains free to observe and engage in nude dancing, but she cannot do so in Warner Robins in establishments that primarily serve alcohol.

Therefore, because the ordinance does not involve a suspect class nor infringe upon a fundamental right, analysis under the rational basis test is appropriate. *See Joel*, 232 F.3d at 1357.

B.  Rational Basis Test

8

The rational basis test[10] requires that an "ordinance . . . be rationally related to the achievement of a legitimate government purpose." *Id.* Under this test, a court gives great deference to economic and social legislation. *Curse v. Dir., Office of Workers' Comp. Programs*, 843 F.2d 456, 463 (11th Cir. 1988); *Alamo Rent-A-Car, Inc. v. Sarasota-Manatee Airport Auth.*, 825 F.2d 367, 370 (11th Cir. 1987) ("[G]overnmental bodies [have] wide latitude in enacting social and economic legislation; the federal courts do not sit as arbiters of the wisdom or utility of these laws."). "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). Thus, a court will not overturn the legislation "'unless the varying treatment of different . . . persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.'" *Price v. Tanner*, 855 F.2d 820, 823 (11th Cir. 1988)

---

[10] Gary asserts that her claim is a substantive due process claim, because the ordinance affects her freedom of association and her freedom of movement with *all* adults. Even assuming arguendo that her claim is a substantive due process claim, the rational basis test utilized with respect to an equal protection claim is identical to the rational basis test utilized with respect to a substantive due process claim. *Restigouche, Inc. v. Town of Jupiter*, 59 F.3d 1208, 1214 n.6 (11th Cir. 1995). Accordingly, because Gary's substantive due process claim requires application of the same test as that for her equal protection claim and the same facts are involved, we need not reiterate our analysis. *See Bannum, Inc. v. City of Fort Lauderdale*, 996 F. Supp. 1230, 1239 (S.D. Fla. 1997), *aff'd*, 157 F.3d 819 (11th Cir. 1998); *Kantner v. Martin County*, 929 F. Supp. 1482, 1488 (S.D. Fla. 1996), *aff'd*, 142 F.3d 1283 (11th Cir. 1998) (unpublished table decision).

(quoting *Vance v. Bradley*, 440 U.S. 93, 97 (1979)).  Moreover, the rational relationship between the means adopted and the legislation's purpose must be "at least debatable."  *United States v. Carolene Prods. Co.*, 304 U.S. 144, 154 (1938).

Under this highly deferential standard, we conclude that Ordinance 45-99 satisfies the rational basis test.  The effect of the ordinance is to prohibit all persons under the age of twenty-one from entering establishments that primarily serve alcohol for consumption on the premises, but do not serve a specified quantity of food.  Ostensibly, the City enacted the ordinance to curb underage drinking.[11]  The City apparently believed that the risk of underage drinking would be greater in establishments that primarily serve alcohol than in establishments that primarily serve food.  Thus, the City structured the ordinance to concentrate on establishments that primarily serve alcohol.  We find that the rational relationship between the City's purpose and the means adopted is "at least debatable."  *Id.*  Accordingly, the ordinance does not violate the Equal Protection Clause.[12]

---

[11] The record is void of any fact finding prior to the ordinance's enactment or any statement by the City that might indicate its purpose in passing the ordinance.  As a result, we assume that the City's purpose in passing the ordinance was to curb underage drinking.

[12] Gary also contends that the City violated the Equal Protection Clause by selectively enforcing the ordinance against her and others employed by Teasers.  "[T]o state a claim for selective prosecution, [Gary] must demonstrate that [s]he was prosecuted while others similarly situated were not, and furthermore that the government prosecuted h[er] invidiously or in bad faith."  *Lanier v. City of Newton*, 842 F.2d 253, 256 (11th Cir. 1988).  The only "prosecution" the City utilized was that of sending letters to all alcohol licensees, notifying them about the ordinance.  Furthermore, even if Teasers was singled out for prosecution, Gary has not

10

## II. First Amendment Claim

Gary also contends that the ordinance incidentally infringes upon her First Amendment right to engage in nude dancing. When a party alleges that legislation incidentally infringes upon protected expression, we apply the *O'Brien* test. *Wise Enters., Inc. v. Unified Gov't of Athens-Clarke County*, 217 F.3d 1360, 1363 (11th Cir. 2000) (internal quotation marks omitted).[13] Even though nude dancing is "expressive conduct" that "falls only within the outer ambit of the First Amendment's protection," the ordinance does not restrict Gary's right to observe or engage in nude dancing. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000). Gary remains free to observe and engage in nude dancing, but she simply cannot do so in Warner Robins in establishments that primarily derive their sales from alcoholic beverages consumed on the premises. Moreover, as stated earlier, Gary no longer has a right to engage in nude dancing in alcohol-licensed establishments

---

demonstrated that the City's actions were in bad faith. Consequently, Gary failed to state a claim for selective prosecution.

[13] Under the *O'Brien* test, legislation that incidentally limits First Amendment freedoms is justified

> if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*United States v. O'Brien*, 391 U.S. 367, 377 (1968).

in the City. *See Artistic Entm't, Inc.*, 223 F.3d at 1308, 1311. As a result, an ordinance that restricts Gary's right to enter establishments that primarily serve alcohol cannot be said to infringe upon her right to engage in nude dancing. Therefore, because the ordinance does not infringe upon Gary's right to observe and engage in nude dancing, the *O'Brien* test is inapplicable. Thus, Gary's First Amendment claim lacks merit.

CONCLUSION

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of the City.

12