[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15479
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00072-CV-FTM-29-DNF

SCOTT WHITAKER,

Plaintiff-Appellant,

versus

LEE MEMORIAL HEALTH SYSTEM,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 21, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Scott Whitaker appeals the dismissal of his complaint against Lee Memorial

Health System in which he asserted claims of breach of contract and violations of equal protection and due process. Because Whitaker's federal claims fail but Whitaker stated a claim of breach of contract, as a third party beneficiary, we affirm in part and reverse in part the dismissal of his complaint.

## I. BACKGROUND

From September 14, 2003, to September 17, 2003, Whitaker was treated by Lee Memorial for injuries he received in an automobile accident. At the time of his treatment at Lee Memorial, Whitaker was covered by two policies of insurance, and he had claims for benefits under those policies as a result of the accident. Whitaker was also insured with Blue Cross and Blue Shield of Florida. To secure compensation for its treatment of Whitaker, Lee Memorial asserted a statutory lien against the proceeds of Whitaker's insurance policies.

Whitaker sued Lee Memorial in federal district court and alleged breach of contract both as a party and a third-party beneficiary, and violations of his rights to equal protection of the laws and due process under the Fourteenth Amendment. Whitaker alleged that Lee Memorial was bound by contract with Blue Cross and Blue Shield to seek payment from Blue Cross and Blue Shield and that Whitaker was a third party beneficiary of that contract. Whitaker alleged that, by placing a lien against the proceeds of his automobile insurance policies, Lee Memorial was

2

in breach of its contract and was attempting to deprive Whitaker of his property in violation of equal protection and due process. Whitaker alleged that patients who were accident victims were treated differently than patients who were non-accident victims because Lee Memorial accepted health insurance payments on behalf of the latter group while not accepting health insurance payments on behalf of the former.

Lee Memorial moved to dismiss the complaint for failure to state a claim and lack of subject matter jurisdiction. The district court denied the motion in part and granted the motion in part. The district court concluded that the complaint did not state a claim for violation of equal protection because the complaint did not allege any facts that showed that Whitaker was treated differently than similarly situated patients, namely, patients whose injuries resulted from a motor vehicle accident and who were covered by automobile insurance in addition to health insurance. The district court also concluded that the complaint did not allege the lack of a rational basis for the disparate treatment of patients who were accident victims as opposed to patients who were non-accident victims. The district court dismissed the due process claim because it concluded that the complaint did not allege the deprivation of a fundamental right. The district court dismissed the claims for declaratory judgment because the complaint did not state an independent basis for federal jurisdiction. The district court dismissed Whitaker's third-party

3

beneficiary claim, without prejudice, for failure to allege that Lee Memorial and Blue Cross and Blue Shield entered the contract with the intent to benefit Whitaker. Finally, the district court concluded that the complaint did state a breach of contract claim but declined to exercise jurisdiction and dismissed the claim.

## II. STANDARD OF REVIEW

This Court reviews the dismissal of a complaint for failure to state a claim upon which relief may be granted de novo. Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005). "On a motion to dismiss for failure to state a claim, we accept as true the facts as alleged in the complaint." Id.

## III. DISCUSSION

Whitaker challenges both the dismissal of his federal claims and the dismissal of his third-party beneficiary breach of contract claim. We address first Whitaker's federal claims. Second we address the third-party beneficiary claim.

"The central mandate of the equal protection guarantee is that '[t]he sovereign may not draw distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective.'" Lofton v. Sec'y of Dep't of Children and Fam. Servs., 358 F.3d 804, 817 (11th Cir. 2004) (quoting Lehr v. Robertson, 463 U.S. 248, 265, 103 S. Ct. 2985, 2995 (1983)). Equal protection does not forbid legislative classifications, and "[u]nless the

4

challenged classification burdens a fundamental right or targets a suspect class, the Equal Protection Clause requires only that the classification be rationally related to a legitimate state interest." Id. at 818 (citing Romer v. Evans, 517 U.S. 620, 631, 116 S. Ct. 1620, 1627 (1996)). The Due Process Clause provides identical protection from arbitrary treatment by the government. Gary v. City of Warner Robins, Ga., 311 F.3d 1334, 1339 n.10 (11th Cir. 2002). Because this appeal involves neither a fundamental right nor a suspect class, we review the complaint against Lee Memorial under the rational-basis standard.

Whitaker argues that there is no meaningful distinction between Blue Cross insureds who have claims against third parties because of an accident and Blue Cross insureds who do not have claims against third parties. Whitaker argues that the application of Florida lien statute by Lee Memorial to accident victims was irrational and a violation of Equal Protection and Due Process. Whitaker argues that, because Lee Memorial is bound by contract to accept payment in full from Blue Cross and Blue Shield, there is no debt against which Lee Memorial can rationally attach a lien. This argument fails.

The decision of Lee Memorial is clearly rational. Lee Memorial seeks to recover the full amount of the cost of services it provided to Whitaker from Whitaker's automobile insurance providers, but Lee Memorial rationally does not

5

seek full recovery from patients who do not have coverage under policies of automobile insurance. That the contract with Blue Cross and Blue Shield may preclude recovery against the automobile policies does not make the action taken by Lee Memorial irrational. In short, Whitaker cannot make a federal case out of a claim of breach of contract on the ground that one party to the contract is a government actor.

Although the district court correctly concluded that Whitaker's federal claims fail, the district court erroneously dismissed one of Whitaker's claims under state law. Whitaker correctly argues that his complaint alleged facts sufficient to state a claim for third-party beneficiary of the contract between Lee Memorial and Blue Cross and Blue Shield. Federal Rule of Civil Procedure 8(a) provides only that a complaint must give a "short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). Whitaker alleged that he was an intended third-party beneficiary of the contract between Blue Cross and Blue Shield and Lee Memorial. Because the allegations are sufficient to give Lee Memorial fair notice of Whitaker's claim and the grounds

6

for the claim, Count III states a claim.

## IV. CONCLUSION

The dismissal of Whitaker's complaint is affirmed as to the equal protection and due process claims and reversed as to Count III, the third-party beneficiary claim. Count III is remanded to the district court. On remand, the district court is free to decline to exercise jurisdiction over the remaining claim.

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.**