[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 12-11738

————————

D. C. Docket No. 2:12-cv-00039-UA-SPC

THE INDIGO ROOM, INC.,
RAIMOND AULEN,
DYLAN JONES,

Plaintiffs-Appellants,

versus

CITY OF FORT MYERS,
DOUGLAS BAKER,
FMPD Chief, in his individual capacity,
ALAN GAGNON,
FMPD Officer, Badge No. 299, in his
individual capacity,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Middle District of Florida

————————

(March 1, 2013)

Before DUBINA, Chief Judge, MARTIN and ALARCÓN,[*] Circuit Judges.

DUBINA, Chief Judge:

Plaintiffs/Appellants The Indigo Room, Inc. ("the Indigo Room"), Raimond Aulen, and Dylan Jones (collectively "Appellants"), appeal the district court's denial of their motion for a preliminary injunction against Defendants/Appellees City of Fort Myers ("the City"), Fort Myers Police Chief Douglas Baker, and Fort Myers Police Officer Alan Gagnon (collectively "Appellees"). The district court found that Appellants failed to show a substantial likelihood of success on the merits as to any of their claims. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's order denying preliminary injunctive relief.

## I.

The Indigo Room is a commercial establishment that serves alcoholic beverages. Periodically, the Indigo Room hosts political events and activities, such as functions supporting the "Occupy Fort Myers" movement. On November 17, 2011, the Indigo Room hosted a petition drive requesting an ethics investigation of the Fort Myers mayor. During the petition drive, Jones, who was 19 years old at the time, entered the Indigo Room to sign the petition. After Jones exited the

---

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

Indigo Room, Gagnon issued Jones a citation for violating FORT MYERS, FLA., CODE § 6-83 (the "Ordinance"), which prohibits persons under the age of 21 from entering or remaining in certain alcoholic beverage establishments while alcohol is being served or sold to the public. The Ordinance exempts: (1) persons employed at the alcoholic beverage establishment; (2) persons accompanied by a parent; (3) persons in a bona fide restaurant;[1] (4) persons in an establishment with an "SRX" or special restaurant license issued by the state; or (5) persons in an alcoholic beverage establishment during any time period in which the establishment is not serving or selling alcoholic beverages to the public. *Id.*

Appellants filed the instant 42 U.S.C. § 1983 action in the Middle District of Florida claiming that the Ordinance violates their rights under the First and Fourteenth Amendments. Appellants seek declaratory relief, injunctive relief, and compensatory damages. Less than one month after initiating suit, Appellants moved for a preliminary injunction. Although Appellants' complaint lists ten causes of action, Appellants moved for a preliminary injunction with respect to Counts One through Four only: Count One: violation of First Amendment— licensing scheme lacking procedural safeguards (all Appellants v. the City); Count

---

[1] Among other requirements, a bona fide restaurant must derive at least 51 percent of its gross revenue from the sale of food and nonalcoholic beverages. FORT MYERS, FLA., CODE § 6-81. The Indigo Room does not allege that it ever sought exemption under this exception or that it meets the various requirements.

3

Two: violation of First Amendment—overbreadth (all Appellants v. the City);

Count Three: violation of the Fourteenth Amendment—vagueness (Jones v. the

City); and Count Four: violation of the Fourteenth Amendment—vagueness (Aulen

and the Indigo Room v. the City).[2]   Each count is a facial challenge.

In support of their motion, Appellants argue (1) the Ordinance has a chilling

effect on the exercise of political speech by the affected person and the

establishment because the Ordinance purportedly offers no exception to permit

persons under the age of 21 to enter a regulated establishment to engage in political

activity; and (2) the Ordinance is unconstitutionally vague.  The district court

found Appellants' contentions without merit and denied their preliminary

injunction motion in full.

In addressing Appellants' First Amendment challenges, the district court

reasoned that the Ordinance did "not restrict [Appellants'] right to engage in

speech, association and assembly."  [R. 28 at 5.]  Rather, the Ordinance simply

made it so that underage persons cannot exercise their rights "in alcoholic beverage

establishments, as defined by the [O]rdinance, while alcohol is being served" and

that persons 21 years and older "cannot do so in association with persons under the

age of 21 in alcoholic beverage establishments while alcohol is available."  [*Id.*]

---

[2] Baker and Gagnon are not implicated by Counts One through Four.

Further, the district court found it significant that the Ordinance provided an exception that would allow Appellants to proceed as they wished, when alcoholic beverages are not being served or sold to the public.  [*Id.* (citing FORT MYERS, FLA., CODE § 6-83(a)(5)).]  With regard to Appellants' Fourteenth Amendment vagueness challenges, the district court found that the Appellants had not shown that a person of common intelligence would have to guess as to the meaning of the terms of the Ordinance.

## II.

"We review the decision to deny a preliminary injunction for abuse of discretion."  *Forsyth Cnty. v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011) (internal quotation marks omitted).  "In so doing, we review the findings of fact of the district court for clear error and legal conclusions *de novo*."  *Id.* (internal quotation marks omitted)

## III.

To obtain a preliminary injunction, the movant must establish that:  "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."

5

*Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (internal quotation marks omitted).  The district court did not abuse its discretion in denying Appellants' motion because it properly concluded that Appellants failed to show a substantial likelihood of success on the merits of Counts One through Four of their complaint.  *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) (noting that where the movant is unable to show a substantial likelihood of success on the merits, the court need not consider the other preliminary injunction requirements).

### A.  First Amendment

Appellants are not likely to succeed on the merits of their claims predicated on violations of the First Amendment (Counts One and Two).  Appellants claim that the Ordinance infringes upon their First Amendment rights to engage in political speech, association, and assembly.  Specifically, Jones, who is under 21 years old, argues that the Ordinance infringes upon his right to engage in political speech, association, and assembly in alcoholic beverage establishments.  Similarly, Aulen, who is over 21 years old, contends that the Ordinance infringes upon his right to engage in political speech, association, and assembly, around individuals under the age of 21.  Finally, the Indigo Room submits that the Ordinance infringes

6

upon its right to host individuals under 21 years old to engage in political speech, association, and assembly.

Appellants' respective claims are without merit, because as explained below, the Ordinance does not infringe upon their First Amendment rights.  Count One is likely to fail because, to the extent that the Ordinance can be said to be a licensing scheme at all,[3] it does not act as a prior restraint on speech—i.e., it does not require permission from the City to engage in constitutionally-protected expression.  *See United States v. Frandsen*, 212 F.3d 1231, 1236–37 (11th Cir. 2000) (defining prior restraint as "the government's denial of access to a forum for expression before the expression occurs").  Count Two is also likely to fail because the Ordinance does not reach constitutionally protected conduct.  *See Bama Tomato Co. v. U.S. Dep't. of Agric.*, 112 F.3d 1542, 1546 (11th Cir. 1997) ("In a facial challenge to the overbreadth . . . of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct" and "[i]f it does not, then the overbreadth challenge must fail" (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S. Ct. 1186, 1191 (1982))).

---

[3] The process set forth in § 6-83(e) is optional, and the Ordinance does not require an establishment to seek a determination of whether it is as a bona fide restaurant.  *See* FORT MYERS, FLA., CODE § 6-83(e) ("No establishment is required to obtain a determination [that it qualifies as a bona fide restaurant.])"

7

The text of the Ordinance does not regulate speech.  Instead, the Ordinance regulates, *inter alia*, the admittance of underage individuals into alcoholic beverage establishments while alcohol is being served or sold to the public.  Thus, if the Ordinance infringes on Appellants' speech at all, it does so incidentally.  When legislation incidentally infringes upon protected expression, the court applies the Supreme Court's test set forth in *United States v. O'Brien*, 391 U.S. 367, 377, 88 S. Ct. 1673, 1679 (1968).  *Wise Enters., Inc. v. Unified Gov't of Athens-Clarke Cnty.*, 217 F.3d 1360, 1363 (11th Cir. 2000).  If the Ordinance does not even incidentally infringe upon protected expression, however, the *O'Brien* test is inapplicable.  *See Gary v. City of Warner Robins, Ga.*, 311 F.3d 1334, 1340 (11th Cir. 2002).   Here, the district court correctly found that the Ordinance does not infringe upon Appellants' First Amendment rights.

In *Gary*, this court considered a challenge to a similar ordinance that prohibited persons under the age of 21 from entering or working at any establishment that sold alcohol on the premises, subject to various exceptions.  *Id.* at 1336.  The underage plaintiff in *Gary* made several constitutional challenges to the ordinance, including that it infringed upon her First Amendment right to engage in the "expressive conduct" of nude dancing.  *Id.* at 1340.   In rejecting her First Amendment challenge to the ordinance, this court reasoned that "an

8

ordinance that restricts Gary's right to enter establishments that primarily serve alcohol cannot be said to infringe upon her right to engage in nude dancing" because "Gary remain[ed] free to observe and engage in nude dancing, but she simply [could not] do so in . . . establishments that primarily derive their sales from alcoholic beverages consumed on the premises." *Id.*

As the *Gary* court (and the district court) pointed out, nude dancing "falls only within the outer ambit of the First Amendment's protection," *id.* (internal quotation marks omitted), while political speech enjoys a much higher level of protection. This differing level of constitutional protection is why Appellants argue *Gary* is not controlling. This distinction is of no moment, however, because the Ordinance does not infringe on Appellants' speech in the first instance. In other words, the court in *Gary* did not base its decision on the lesser protection afforded to nude dancing, but rather, on the determination that Gary's right to engage in expressive conduct had not been infringed. Just as in *Gary*, here, Appellants' First Amendment rights have not been infringed by the Ordinance—irrespective of the level of protection afforded to Appellants' political speech.

*B. Vagueness*

Appellants are also unlikely to succeed on the merits of their claims predicated on violations of the Fourteenth Amendment, namely that the Ordinance

9

is unconstitutionally vague (Counts Three and Four).  "The Fourteenth Amendment prohibits States and their components from depriving any person of life, liberty, or property, without due process of law."  *Bankshot Billiards, Inc. v. City of Ocala, Fla.*, 634 F.3d 1340, 1349 (11th Cir. 2011) (internal quotation marks omitted).  Due process encompasses the concepts of notice and fair warning, and at its core is the principle "that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."  *Id.* (alterations and internal quotation marks omitted).  Thus, "[v]agueness arises when a statute is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application."  *Mason v. Fla. Bar*, 208 F.3d 952, 958 (11th Cir. 2000); *see also Roberts v. U.S. Jaycees*, 468 U.S. 609, 629, 104 S. Ct. 3244, 3256 (1984) ("The void-for-vagueness doctrine reflects the principle that a statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." (internal quotation marks omitted)).

The court "review[s] statutes for vagueness concerns only when a litigant alleges a constitutional harm."  *Bankshot Billiards*, 634 F.3d at 1349.  These harms

10

come in two forms. "In the first form, a person violates the vague law, is indicted, and then moves the trial court to dismiss the indictment . . . arguing that he did not receive notice that his conduct was proscribed."[4] *Id.* The constitutional harm in this context is "the deprivation of liberty." *Id.* at 1349–50. The second form is implicated when a litigant asks the court to review a vague statute before it is enforced. *Id.* at 1350. Such claims are reviewed because "the litigant is chilled from engaging in constitutionally protected activity." *Id.* Thus, the second type of vagueness challenge "provides law-abiding citizens with a middle-road between facing prosecution and refraining from otherwise constitutional conduct." *Id.* If one of the two constitutional harms delineated above is implicated, the court looks to whether the ordinance "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Ga. Pac. Corp. v. Occupational Safety & Health Review Comm'n*, 25 F.3d 999, 1005 (11th Cir. 1994) (internal quotation marks omitted).

Appellants' vagueness argument fails for multiple reasons. First, as discussed *supra* in the discussion of Appellants' First Amendment challenge, the Ordinance does not chill constitutionally protected conduct. Thus, to the extent the Appellants are chilled from engaging in certain activities, e.g., entering or

---

[4] Although Jones was fined under the Ordinance, this is not an action to dismiss an indictment or reverse a conviction.

11

remaining in alcoholic beverage establishments or hosting individuals less than 21 years of age in alcoholic beverage establishments, such activities are not sufficient to allege a constitutional harm. *See Bankshot Billiards*, 634 F.3d at 1350 (finding that where the movant "operates a pool hall and wants to admit patrons under twenty-one while also serving alcohol[, t]he pre-enforcement review paradigm hardly fits [because] even though Bankshot is 'chilled' from engaging in an activity in which it once engaged, that activity is not constitutionally protected[; r]ather, it is normal business activity"). Consequently, Appellants cannot maintain the second type of vagueness challenge discussed above.

Second, in examining the Ordinance's text, it is apparent that it provides adequate notice of what conduct is prohibited, and a person of common intelligence would not need to guess at its meaning. Individuals under the age of 21 are prohibited from entering alcoholic beverage establishments—a term defined by the Ordinance—subject to various exceptions which are likewise defined by the Ordinance. Appellants' primary argument relates to a perceived difficulty in determining which establishments constitute a "bona fide restaurant." That is, Appellants point out that persons under the age of 21 are allowed to enter a "bona fide restaurant" but are not allowed to enter an "alcoholic beverage establishment." Thus, they argue it is possible that individuals under 21 may enter an establishment

12

"without having any clue whether they are in fact violating" the Ordinance because they are unsure whether the establishment is a bona fide restaurant or an alcoholic beverage establishment.  [Appellants' Br. at 38.]

Absent from Appellants' contentions, however, are challenges to the actual text of the Ordinance.  "To state a void-for-vagueness claim, the language of the ordinance itself must be vague[.]"  *Diversified Numismatics, Inc. v. City of Orlando, Fla.*, 949 F.2d 382, 387 (11th Cir. 1991).  The language of the Ordinance itself is perfectly clear and Appellants offer no tenable arguments to the contrary.  Indeed, the Ordinance here is similar to the one challenged in *Gary*, as both differentiated between establishments that individuals under 21 years old could enter and those which they could not, based on, *inter alia*, the percentage of gross revenue derived from alcohol sales.  This court in *Gary* found the movants' vagueness and overbreadth arguments so devoid of merit it declined to address them.  *See Gary*, 311 F.3d at 1335 n.1.

Finally, Appellants present a facial challenge.  "A facial challenge, as distinguished from an as-applied challenge, seeks to invalidate a statute or regulation itself."  *Horton v. City of St. Augustine, Fla.*, 272 F.3d 1318, 1329 (11th Cir. 2001) (internal quotation marks omitted).  Generally, for a facial challenge to succeed in this context "the challenger must establish that no set of circumstances

13

exists under which the Act would be valid." *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 2100 (1987)).   Consequently, "[f]acial vagueness occurs when a statute is utterly devoid of a standard of conduct so that it simply has no core and cannot be validly applied to any conduct." *High Ol' Times, Inc. v. Busbee*, 673 F.2d 1225, 1228 (11th Cir. 1982).   Conversely, if persons of reasonable intelligence "can derive a core meaning from a statute, then the enactment may validly be applied to conduct within that meaning and the possibility of a valid application necessarily precludes facial invalidity." *Id.* (internal quotation marks omitted).   A core meaning can be derived from the Ordinance at issue—individuals under the age of 21 are not permitted in alcoholic beverage establishments in the City of Fort Myers—and for this reason the statute is not facially invalid.

## IV.

For the foregoing reasons, we conclude that the district court did not err in denying the Appellants' motion for a preliminary injunction.

**AFFIRMED.**

14