[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10521
Non-Argument Calendar

_____

D.C. Docket No. 8:12-cr-00264-JSM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. MOODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 3, 2014)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Michael A. Moody appeals the district court's denial of his motion to dismiss the indictment filed against him, which charged him with unlawful possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e). On appeal, Moody argues that the district court erred in denying his motion to dismiss the indictment on the ground that § 922(g) is an unconstitutional exercise of Congress's Commerce Clause power as applied to purely intrastate conduct, such as mere possession of a firearm, under United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995). Moody concedes that this argument is foreclosed by our existing precedent but claims that it would be appropriate for us to review our stance on the constitutionality of § 922(g) in light of our "potential expansion of the principles of *Lopez* as expressed in *Florida v. U.S. Department of Health*," Florida ex rel. Attorney General v. U.S. Department of Health and Human Services, 648 F.3d 1235 (11th Cir. 2011), aff'd in part, rev'd in part sub nom. Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. ___, 132 S. Ct. 2566 (2012). Moody also contends that § 922(g) violates the Tenth Amendment's guarantee of state sovereignty and the Fifth Amendment's Due Process Clause.

We review a district court's denial of a motion to dismiss the indictment for an abuse of discretion, and we review any underlying legal errors de novo. United States v. Broughton, 689 F.3d 1260, 1272 (11th Cir. 2012). We also review de novo a district court's conclusion as to the constitutionality of a challenged statute,

United States v. Eckhardt, 466 F.3d 938, 943 (11th Cir. 2006), and whether a criminal statute is unconstitutionally vague. United States v. Nelson, 712 F.3d 498, 504 (11th Cir. 2013). In addition, the law of this Circuit is "emphatic" that only the Supreme Court or this Court sitting en banc can judicially override a prior panel decision. Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997).

Pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." In Lopez, the Supreme Court held that gun control legislation related to possession of firearms in school zones was an invalid exercise of Congress's Commerce Clause power partly because the statute could not be sustained under the reasoning that the regulated activities, in the aggregate, substantially affected interstate commerce. See Lopez, 514 U.S. at 561, 115 S. Ct. at 1631. In addition, the Supreme Court emphasized that the challenged statute "contain[ed] no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affect[ed] interstate commerce." Id.

Since Lopez, we have continually held that § 922(g) is not a facially unconstitutional exercise of Congress's Commerce Clause power because unlike the statute at issue in Lopez, § 922(g) contains a jurisdictional requirement. See,

e.g., United States v. Jordan, 635 F.3d 1181, 1189 (11th Cir. 2011) ("We have repeatedly held that Section 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement."); United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001) (reaffirming the holding that "the jurisdictional element of the statute, *i.e.*, the requirement that the felon 'possess in or affecting commerce, any firearm or ammunition,' immunizes § 922(g)(1) from [a] facial constitutional attack"); United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001) (upholding the conclusion that "the jurisdictional element of § 922(g) brings it within the commerce powers of the Congress"); United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996) (holding that the jurisdictional element of § 922(g) defeats a facial challenge to the statute even after the Supreme Court's decision in Lopez).

More relevant to Moody's argument here, we have also held that § 922(g) is not unconstitutional as applied to a defendant who merely possessed a firearm within state lines so long as the government introduces sufficient evidence showing that the firearm has a minimal nexus to interstate commerce, i.e., that the firearm was manufactured, assembled, or sold outside the state or that it travelled in interstate commerce.  See, e.g., Jordan, 635 F.3d at 1189 (holding that § 922(g) was not unconstitutional "as applied to a defendant who possessed a firearm only intrastate" because the government demonstrated that the firearm involved in that

case was manufactured and assembled outside the state); Dupree, 258 F.3d at 1260 (holding that § 922(g) requires only a minimal nexus to interstate commerce and that the defendant's actions of brandishing a firearm in Georgia that was manufactured in California satisfied the jurisdictional requirement of § 922(g)); McAllister, 77 F.3d at 390 (holding that even in the wake of Lopez, § 922(g) is constitutional as applied to a defendant who merely possessed a firearm within state lines so long as the firearm has a "minimal nexus" to interstate commerce). As it is undisputed that the firearm involved in this case was manufactured outside the state of Florida, the jurisdictional element of § 922(g) was satisfied, and the statute is not unconstitutional as applied to Moody's conduct.

In addition, Moody argues that our decision in Florida ex rel. Attorney General v. U.S. Department of Health and Human Services, 648 F.3d 1235, somehow altered our prior holdings with respect to the constitutionality of § 922(g) as a valid exercise of Congress's Commerce Clause power.  In that case, we held that the individual mandate of the Affordable Care Act exceeded Congress's regulatory powers under the Commerce Clause because it compelled citizens to engage in commercial activity and regulated inactivity.  Id. at 1311-13.  However, our decision in that case did nothing to abrogate or reverse our prior holdings regarding the constitutionality of § 922(g), and thus Moody's reliance on that case is misplaced.

Furthermore, we have held that Congress does not violate the Tenth Amendment when it enacts legislation through the constitutionally permissible exercise of its Commerce Clause power. See Cheffer v. Reno, 55 F.3d 1517, 1521 (11th Cir. 1995) ("Because the [challenged statute] is within Congress' Commerce Clause power, it does not violate the Tenth Amendment."); see also New York v. United States, 505 U.S. 144, 174, 112 S. Ct. 2408, 2427 (1992) (holding that legislation enacted under the valid exercise of Congress's commerce power does not intrude on the sovereignty reserved to the states by the Tenth Amendment). Moreover, we have held that § 922(g) does not violate the Tenth Amendment. See, e.g., Hiley v. Barrett, 155 F.3d 1276, 1277 (11th Cir. 1998), aff'g Nat'l Ass'n of Gov't Emps., Inc. v. Barrett, 968 F. Supp. 1564, 1577-78 (N.D. Ga. 1997) (affirming the district court's conclusion that § 922(g) does not violate the Tenth Amendment because it represents a valid exercise of Congress's Commerce Clause power). Thus, Moody's argument that § 922(g) violates the Tenth Amendment by encroaching on traditional state police powers necessarily fails.

Lastly, a criminal statute is unconstitutionally vague and violates due process "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or if "it authorizes or even encourages arbitrary and discriminatory enforcement." United States v. Wayerski, 624 F.3d 1342, 1347 (11th Cir. 2010) (internal quotation marks omitted). The

6

plain language of § 922(g) makes clear that it is unlawful for any person who has been convicted of a felony to "possess in or affecting commerce, any firearm or ammunition," and as Moody has failed to show how that provision is so vague that a person of ordinary intelligence would have to guess at its meaning, his void-for-vagueness argument must fail. Indigo Room, Inc. v. City of Fort Myers, 710 F.3d 1294, 1301 (11th Cir. 2013).

Accordingly, the district court did not err in denying Moody's motion to dismiss the indictment on the grounds that § 922(g) is unconstitutional.

AFFIRMED.