IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

CARLOS CAREY, ) 
 ) 
 Plaintiff, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:20cv244-MHT 
 ) (WO) 
ADOC DIRECTOR OF CENTRAL ) 
RECORDS, et al., ) 
 ) 
 Defendants. ) 

 OPINION 
 Pursuant to 42 U.S.C. § 1983, plaintiff, a state 
prisoner, filed this lawsuit claiming that he had been 
denied proper credit for time served and as a result 
was stuck in prison beyond his sentence expiration 
date. The United States Magistrate Judge entered a 
recommendation that plaintiff’s case be dismissed as 
not presenting a viable claim under § 1983. In lieu of 
filing an objection to the magistrate judge’s 
recommendation, plaintiff filed a motion to amend the 
complaint, which the magistrate judge denied. 
Plaintiff then filed a motion to reconsider the denial 
of the motion to amend. The recommendation and the 
motion to reconsider the denial of the motion to amend 

are now before the court. For the reasons set forth 
below, the court concludes that the motion to 
reconsider the denial of the motion to amend should be 
denied with one exception. The court will accede to 

plaintiff’s request in his motion to amend to dismiss 
his original complaint. As a result, the court will 
withdraw the recommendation instead of adopting it. 

 As the magistrate judge explains: In his complaint, 
“Plaintiff states he was sentenced to fifteen years 
imprisonment on an arson conviction but has served 
almost seventeen years in prison. According to 

Plaintiff, he is entitled to credit on a sentence 
directed to run concurrently with his arson conviction. 
Officials with the Alabama Department of Corrections, 
however, have failed to review this issue and ignored 

state court rulings granting Plaintiff’s motions for 
credit for time served.” Report and Recommendation 

 2 
(doc. no. 5) at 3. The magistrate judge recommended 
that the complaint be dismissed because, under Heck v. 

Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 
520 U.S. 641 (1997), plaintiff’s suit could not be 
brought until the underlying sentence was overturned. 
 Plaintiff responded by filing a motion to amend the 

complaint. See Motion to Amend (doc. no. 6). In the 
motion, he stated that he sought “to dismiss previous 
suit and to amend [his] pleading.” Id. at 1. 

Plaintiff explained that he had attempted to file a 
habeas petition in several courts in Alabama to 
challenge the denial of credit for time served, and 
that each court had mailed the petition back to him 

with a note to file the petition in the sentencing 
county, which is Jefferson County. Jefferson County, 
in turn, “stated that the habeas should [have] been 
filed in the county that [he is] ... in prison in” 

despite the fact that he mailed his habeas petition to 
Jefferson County with the notes from the other court 

 3 
attached. Id. at 1-2. This series of actions, he 
contended, left him without a remedy in law. He 

further stated that “access to relief from the courts 
state and federal has been shut off and blocked for 
plaintiff,” and that he was “being denied equal 
protection of laws.” Id. at 2. He asked to amend the 

complaint to “only include this amendment and against 
defendants Steve Marshall and Danny Carr,” who are, 
respectively, Alabama’s Attorney General and the 

Jefferson County District Attorney Id. As relief, he 
requested “the right to have a habeas corpus heard and 
reviewed by a state court in Alabama so that remedies 
can be exhausted by plaintiff and the federal habeas 

process is open to plaintiff.” Id. at 2. 
 The magistrate judge viewed plaintiff’s motion as 
an effort to convert his complaint into a habeas corpus 
petition, and accordingly denied it. See Order (doc. 

no. 7). Plaintiff then moved the court to reconsider 
the magistrate judge’s denial of the motion to amend, 

 4 
arguing that he had not sought to convert his complaint 
into a habeas petition, and asking that the court allow 

the originally requested amendment. 
 Courts should “freely” grant motions to amend “when 
justice so requires.” Fed. R. Civ. P. 15(a). However, 
where amendment would be futile, motions to amend may 

be denied. See Fla. Evergreen Foliage v. E.I. DuPont 
De Nemours & Co., 470 F.3d 1036, 1041 (11th Cir.2006). 
An amendment would be futile “when the complaint as 

amended is still subject to dismissal.” Hall v. United 
Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir.2004). 
 While plaintiff’s original motion to amend was not 
entirely clear, in light of plaintiff’s motion to 

reconsider, the court views it as seeking to bring two 
claims: a Sixth Amendment claim for denial of access to 
courts and a claim for violation of equal protection. 
The court concludes that allowing amendment to raise 

either claim would likely be futile. 
 First, plaintiff has not alleged facts supporting 

 5 
an equal protection claim against the defendants he 
seeks to name--Alabama’s Attorney General and the 

Jefferson County District Attorney. Plaintiff has not 
put forth any facts suggesting that these individuals 
treated him differently than other similarly situated 
people, on the basis of his race, gender, religion, or 

other suspect classification, or without any rational 
basis. See Gary v. City of Warner Robins, Ga., 311 
F.3d 1334, 1337 (11th Cir. 2002) (“The Equal Protection 

Clause requires that the government treat similarly 
situated persons in a similar manner.”). Indeed, it is 
not clear how these individuals could be held 
responsible for the actions of the clerks of court in 

failing to file his habeas petition. 
 Plaintiff’s proposed access-to-courts claim is also 
likely futile. To state such a claim, the plaintiff 
must show an actual injury from the claimed denial of 

access caused by the defendants. See Wilson v. 
Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). 

 6 
Here, as noted above, plaintiff has not indicated how 
the individuals he wishes to sue are responsible for 

his difficulty in filing his habeas petition. 
Moreover, the plaintiff is unlikely to be able to show 
actual injury, because, as review of the state court’s 
filing system shows, he finally succeeded in filing his 

habeas petition in Alabama state court. See Carlos 
Carey #245045 v. Alabama Department of Corrections, 
CV-2020-240 (Montgomery County Circuit Court) (case 

transferred to Escambia County Circuit Court on June 
16, 2020). Accordingly, the motion to amend will be 
denied as futile. 
 In his original motion to amend, plaintiff asked to 

dismiss his original claim. Because the defendant has 
not yet answered, the court will grant plaintiff’s 
request to dismiss his complaint voluntarily and 
without penalty. 

 7 
An appropriate judgment will be entered. 
DONE, this the 16th day of November, 2020. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE